## 34883. CARVER v. STYNCHCOMBE.

HILL, Justice.

Charles David Carver brought a petition for writ of habeas corpus to challenge his detention by the Sheriff of Fulton County pursuant to an extradition warrant issued by the Governor of the State of Georgia. His petition was

denied by the Superior Court of Fulton County and he appeals.

In Michigan v. Doran, — U. S.— (99 SC 530, 58 LE2d 521) (1978), the United States Supreme Court said (58 LE2d 527 ): "Once the governor has granted extradition, a court considering release on habeas corpus can do no more than decide (a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive."

In the case before us the documents show that the petitioner was found guilty in Florida of "possession of obscene material with intent to show." He was released on bond pending appeal and, his sentence having been upheld on appeal, he has refused to surrender so as to serve his sentence. The Florida judgment and sentence included the defendant's fingerprints certified by the sentencing judge.

Hence, only the first of the four Michigan v. Doran questions is open to inquiry here.[1] Petitioner contends that the extradition warrant is defective in that it states, among other things, that the Governor of Florida has produced "a Requisition, accompanied by supporting documents" charging petitioner with the crime stated. Petitioner urges that the extradition warrant fails to comply with Code Ann. § 44-408 which requires that "The warrant must substantially recite the facts necessary to the validity of its issuance." Petitioner argues that to comply with Code Ann. § 44-408, the Governor's extradition warrant must specify the documents accompanying the requisition of the Governor of Florida. We disagree.

Petitioner does not challenge the authenticity of the supporting documents or the fact that they accompanied the requisition. He challenges only the failure of the extradition warrant to specify what documents supported

---

[1] As used here, a requisition is issued by the governor of the demanding state, and an extradition warrant is issued by the governor of the asylum state.

the requisition.

The extradition documents themselves are not challenged. The failure of the extradition warrant to list the documents supporting the requisition does not mean that the extradition warrant does not substantially recite the facts necessary to the validity of its issuance. Baugh v. Alabama, 154 S 2d 674 (1963), requires that the demand for extradition (requisition) be based not on a warrant for arrest but on an indictment, on information supported by affidavit, or on an affidavit made before a magistrate together with any warrant for arrest issued thereon. Cf. Code Ann. § 44-404. The thrust of that decision is not directed so much to the recitals in the extradition warrant as to the fact that an arrest warrant without more is not sufficient.

The denial of habeas relief was correct.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 5, 1979.

*Garland, Nuckolls, Kadish & Cook, Mark J. Kadish, E. Marcus Davis, Rhonda Brofman,* for appellant.
*Lewis R. Slaton, District Attorney, Allen Moye, Assistant District Attorney,* for appellee.