37381. FAIN v. THURMAN.

</div>

MARSHALL, Justice.

The trial court denied the appellant's petition for habeas corpus in an extradition proceeding.

We have carefully examined the record and find that the extradition documents are in order, the appellant is charged with a crime in the demanding state, the appellant is the person named in the request for extradition, and the appellant is a fugitive from justice in the demanding state. Michigan v. Doran, 439 U. S. 282 (99 SC 530, 58 LE2d 521) (1978).

Code Ann. Ch. 44-4 (Ga. L. 1951, p. 726 et seq.) is not unconstitutional on the grounds contended by the appellant, i.e., that it does not provide for notice, hearing and adjudication of the issues of the identity of the accused as the offender, whether he was sufficiently charged in the demanding state, and whether he is a fugitive from justice as to the demanding state prior to his delivery up and removal from the State of Georgia to the demanding state. The Georgia statute is an enactment of the "Uniform Criminal Extradition Act" (Code Ann. § 44-401), which has been upheld by Michigan v. Doran, supra, the requirements of which we have held to have been complied with in this case.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 30, 1981
REHEARING DENIED MAY 13, 1981.

*Ben Lancaster,* for appellant.
*Darrell E. Wilson, District Attorney,* for appellee.