39389. LAMBERT v. JONES.
39390. LUMPKIN v. JONES.
39391. OWENS v. JONES.

BELL, Justice.

This appeal is from a denial of the appellants' habeas corpus petitions by the Troup County Superior Court.

The appellants, Lambert, Lumpkin, and Owens, were convicted of crimes relating to the kidnapping and murder of Rebecca Heath in Troup County Superior Court. Subsequently, the State of Alabama instituted proceedings pursuant to the Interstate Agreement on Detainers (OCGA § 42-6-20, Code Ann. §§ 77-501b et seq.) (the Detainer Agreement) to obtain temporary custody of the appellants for the purpose of trying them for the offense of murder during

kidnapping in the first degree. The appellants filed habeas corpus petitions seeking to bar their transfers to Alabama. They alleged several substantive defenses; among them being double jeopardy, collateral estoppel, res judicata, and "equitable immunity." In addition, Lumpkin and Owens raised several procedural defenses. The equitable immunity defense is applicable only to Lambert. She contends that she was led to believe that her plea bargaining agreement would end her criminal liability and that, as a result, her transfer to Alabama should be barred. The habeas court denied the respective petitions, and Lambert, Lumpkin, and Owens have appealed. We affirm.

We first address the issue of the proper scope of judicial inquiry in such cases. In the case of Cuyler v. Adams, 449 U. S. 433, 435 (101 SC 703, 66 LE2d 641) (1981), the Supreme Court addressed the issue of whether a prisoner incarcerated in a jurisdiction that has adopted the Uniform Criminal Extradition Act (Extradition Act) "is entitled to the procedural Protections of that Act — particularly the right to a pretransfer hearing — before being transferred to another jurisdiction, pursuant to Art. IV of the Detainer Agreement."[1] The Supreme Court answered this question affirmatively. Consequently, Lambert, Lumpkin and Owens had a right to such a pre-transfer hearing; however, the scope of hearings pursuant to the Extradition Act has been limited by Michigan v. Doran, 439 U. S. 282 (99 SC 530, 58 LE2d 521) (1978). That case held that proper inquiries at extradition hearings are a) whether the extradition documents on their face are in order; b) whether the petitioner has been charged with a crime in the demanding state; c) whether the petitioner is the person named in the request for extradition; and d) whether the petitioner is a fugitive. See, Michigan v. Doran, supra; *Fain v. Thurman,* 247 Ga. 569 (277 SE2d 503) (1981); *Carver v. Stynchcombe,* 243 Ga. 477 (254 SE2d 856) (1979).

In this case, the question becomes whether a pre-transfer hearing pursuant to the Interstate Agreement on Detainers should be limited to the scope delineated in Michigan v. Doran, supra. We answer affirmatively. The same reasons cited in Michigan v. Doran, supra, for limiting the inquiry of a hearing under the Extradition Act apply to a pre-transfer hearing pursuant to the Detainer Agreement. Both the Extradition Act and the Detainer Agreement were intended to be summary proceedings and "but one step in securing the presence of the defendant in the court in which he may be tried . . ."

---

[1] Georgia has adopted the Uniform Criminal Extradition Act. See OCGA § 17-13-20 et seq. (Code Ann. §§ 44-401 et seq.).

See, Michigan v. Doran, supra, p. 288. In addition, the United States Supreme Court in Cuyler v. Adams, supra, p. 449, held that "The remedial purpose of the Agreement supports an interpretation that gives prisoners the right to a judicial hearing in which they can bring a limited challenge to the receiving State's custody request." Consequently, we hold that only the limited inquiries enumerated in Michigan v. Doran should be made in pre-transfer hearings under the Detainer Agreement. It is only necessary to substitute the nomenclature of the Detainer Agreement for that of the Extradition Act.

Because of the limited scope of the inquiry permitted in the habeas court below, we find that the appellants' claims of double jeopardy, collateral estoppel, res judicata, and equitable immunity were not issues to be properly decided by the habeas court in this state; rather, these issues must be decided in Alabama. See, *Hutson v. Stoner,* 244 Ga. 52 (257 SE2d 539) (1979). Consequently, we affirm the denial of the petitions as to these grounds.

In addition to substantive defenses, Owens and Lumpkin claim that there were procedural irregularities which should bar their transfers.

Owens contends that he was not served with the transfer request by Alabama in time to petition the Governor pursuant to OCGA § 42-6-20 (Code Ann. § 77-501b), Article IV (a) for a denial of Alabama's request. Lumpkin contends that the state did not offer evidence upon which the habeas court could determine if the requirements of Michigan v. Doran, supra, had been satisfied.

At the hearing held on July 19, 1982, no documentary evidence was submitted by the state. However, there was testimony that indicated all three of the appellants had been served with Alabama's request and that identified Lumpkin as a fugitive and as one of the persons charged in Alabama. In addition, the trial court allowed the state ten days after the hearing in which to submit the proper documentary evidence. Furthermore, the trial court granted the appellants ten days after the filing of the state's amendments in which to respond. The appellants did not object to this ruling. On July 29, 1982, the state submitted documents and affidavits showing that the appellants were served with Alabama's requests and that the documents on their face were in order. The appellants did not respond to the state's amendments.

In its ruling on September 3, 1982, the trial court found that the requirements of Michigan v. Doran had been satisfied. Owens and Lumpkin contend that the documents and affidavits submitted by the state were crucial to the trial court's ruling and that they should not have been considered by the trial court because their admission

after the July 19, 1982 hearing denied them their right of confrontation.

This argument is without merit. First, Lumpkin and Owens cannot object to the admission of evidence for the first time on appeal. *Allen v. State,* 233 Ga. 200 (2) (210 SE2d 680) (1974); *Mallory v. State,* 230 Ga. 657, 668 (198 SE2d 677) (1973). In addition, the petitioners were allowed ample time to respond to the state's amendments but elected not to do so. For these reasons, Lumpkin and Owens cannot complain of the admission of this evidence on appeal.

We find that the documents and affidavits submitted and the testimony given at the hearing show that Owens had been served with Alabama's request and that the requirements of Michigan v. Doran, supra, had been satisfied as to all of the appellants. Consequently, we affirm the trial court's ruling.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 3, 1983 —
REHEARINGS DENIED FEBRUARY 15 AND FEBRUARY 22, 1983.

*Richter, Willis & McKenzie, C. Jerry Willis, Frank K. Martin,* for appellant (case no. 39389).

*Marc E. Acree,* for appellant (case no. 39390).

*Louis J. Kirby,* for appellant (case no. 39391).

*Arthur E. Mallory III, District Attorney, Robert H. Sullivan, James M. Garcia, Assistant District Attorneys,* for appellee.