### 41535. HUGULEY v. THE STATE.
(324 SE2d 729)

CLARKE, Justice.

Phillip Huguley was convicted of shooting his wife Sandi. He was sentenced to life imprisonment. The attorney appointed to pursue the appeal seeks to withdraw under the procedure approved in Anders v. California, 386 U. S. 738 (87 SC 1396, 18 LE2d 493) (1967), on the basis that there are no grounds for appeal.

Sandi Huguley moved out of the trailer where she lived with her husband and with her three children and moved in with Eleanor and Harold Peeples. On July 2, 1983, Phillip Huguley went to the Peeples' home to talk to his wife. The conversation ended with Sandi's going next door to call the police. The officer who answered the call testified that as he was talking with Huguley the appellant said he was "going to wind up having to kill the heifer." On July 3 Huguley returned to the Peeples' house with his mother to talk Sandi into coming home with him. The testimony showed that they began to quarrel and that he shot her. Harold Peeples testified that he ran out and saw that Phillip held her head through a wrought iron railing. He held her by the hair. He then shot her again and then threw the gun at her. Eleanor and Harold Peeples witnessed the second shot.

In his motion to withdraw as counsel under Anders v. California, supra, Huguley's attorney has raised two issues as having arguable merit: (1) exclusion of certain photographs; (2) admission of a statement by appellant after arrest and while in police custody.

1. The photographs which were excluded at trial are photographs of a nude woman whom Huguley identified as his wife. The photographs were published in a magazine, and Huguley sought to have them admitted on the theory that they showed the provocation which caused him to shoot his wife. The court excluded the photographs for lack of certain identification and because appellant had not seen the photographs until after the shooting so that they could not have contributed to his motivation in shooting his wife. There was no error in the court's excluding this evidence.

2. The second arguable error raised by counsel is admission of a statement Huguley made to an officer while in custody. The officer was allowed to testify at trial that he said to Huguley that it was bad to kill your wife, to which Huguley replied that she got what she deserved. This statement had not been revealed to Huguley pursuant to the request for all statements made by Huguley under OCGA § 17-7-210.

Appellant did make a motion for discovery of all statements made while in the custody of police, and of all scientific tests which would be introduced at trial. Such a discovery motion is properly made under OCGA §§ 17-7-210 and 17-7-211. The statement in question should have been made available. However, when the officer testified as to the statement there was neither a motion for mistrial nor a proper objection. Therefore, Huguley cannot now complain of the admission of the testimony. *Lambert v. Jones*, 250 Ga. 603 (299 SE2d 716) (1983). Further, in *McCarty v. State*, 249 Ga. 618 (292 SE2d 700) (1982), we found that for statements to be discoverable under OCGA § 17-7-210 (former Code Ann. § 27-1302), a request must specifically refer to that section or make it clear that the statements must be furnished defendant ten days prior to trial. Because appellant's motion did neither, the state did not have sufficient notice that discovery was sought pursuant to OCGA § 17-7-210. Therefore, for this reason also there was no error in admitting the statement at trial.

We have carefully reviewed the record before us and conclude that the evidence of Huguley's guilt was sufficient to support the verdict under Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Further, our review reveals no error of law committed during the trial. Therefore, we find that the Anders motion should be granted and the conviction of Huguley affirmed.

We now hold that in the future Anders motions will not be granted by this court. We conclude that the Anders motion is unduly burdensome in that it tends to force the court to assume the role of counsel for the appellant. Anders v. California, supra, provides a mechanism for withdrawal of appointed counsel at the appellate level in the event that the appeal would be frivolous, but it does not require such withdrawal. Further, the opinion of the United States Supreme Court does not intimate that an attorney should be subjected to discipline or even disapproval for filing a frivolous appeal in a criminal case. Ever since Griffin v. Illinois, 351 U. S. 12 (76 SC 585, 100 LE 891) (1956), a continuing line of cases has developed protection for the indigent defendant on his first appeal. Therefore, a defendant is entitled to review of any claim which might afford him relief. In this case, as in every other in which an Anders motion has been filed, this court has reviewed the entire record and transcript with very little assistance from counsel who is in a far better position to perceive error than is an appellate court looking at a cold record. We therefore find and now announce to the bar that the Anders motion will no longer be entertained in this court.

*Motion granted; judgment affirmed. All the Justices concur, except Smith, J., who dissents.*

DECIDED JANUARY 9, 1985.

*Floyd W. Keeble, Jr.,* for appellant.
*Lindsay A. Tise, Jr.,* District Attorney, *Michael J. Bowers,* Attorney General, *J. Michael Davis,* for appellee.

SMITH, Justice, dissenting.

I would retain Anders Motions and, therefore, respectfully dissent.