41743. SAUNDERS v. THE STATE.
(328 SE2d 544)

BELL, Justice.

The appellant, Ronald Saunders, was convicted of the malice murder of his girl friend, Lillian Roberts, and was sentenced to life imprisonment.[1] He appeals,[2] and we affirm.

---

[3] This could be termed a riparian liability.
[1] The crime was committed on September 28, 1982. Saunders was indicted on April 6, 1983, and the Chatham County jury returned its verdict of guilty on January 24, 1984. A motion for new trial was filed on February 16, 1984. The transcript of evidence was certified

At the time of the altercation which led to Roberts' death, Saunders had been living for several months with Roberts and her four children. On September 27, 1982, two of Lillian's daughters, Angela and Freddie Mae, ages sixteen and fourteen at that time, returned home from a local skating rink between 10:30 and 11:00 p.m. An argument arose between Angela and Saunders, but it ended without incident. Shortly thereafter, Saunders passed by Angela's bedroom, and the two began arguing again. Saunders entered Angela's room and began to strike her. Lillian came into the room, interceded between the two, and told Saunders to leave the room. The children went to bed, while Lillian and Saunders went into their own bedroom and argued.

Approximately one or two hours later, Angela and Freddie Mae were awakened by their mother's screams. Freddie Mae left to call the police while Angela tried to gain entry into her mother's bedroom. When Freddie Mae returned, she knocked on the door, and Angela went next door to call the police.

Freddie Mae testified that Saunders then opened the door and walked out of the bedroom. Lillian ran out of the room; Saunders caught her and threw her on the floor. While she was rolling on the floor, Saunders grabbed her arm and stabbed her in the chest with a knife. Saunders then approached Freddie Mae with the knife, whereupon she ran out of the house. Angela testified that she returned home to find Saunders chasing Freddie Mae into the street and Lillian coming onto the porch. Saunders then turned and ran away. He went to the Faith Love Holy Mission. There, he told an evangelist that he had stabbed Ms. Roberts.

Two Savannah police officers arrived at the victim's house to find her sitting on the porch, bleeding from the wound. They attempted to stop the bleeding, but her condition deteriorated. Lillian was transported to Memorial Hospital, where she later died. Dr. Preston Russell, the pathologist who performed the autopsy on Lillian Roberts, testified that she died from a stab wound that entered the left chest and penetrated the lung, causing extreme loss of blood.

On appeal Saunders' sole enumeration of error is that the evidence is insufficient to support the verdict. We disagree. After reviewing the evidence in a light most favorable to the jury's verdict, we find that it was sufficient to enable any rational trier of fact to find the

---

by the court reporter on February 21, 1984. The motion for new trial was amended June 29, 1984, and was heard and denied on September 28, 1984. Notice of appeal was filed on October 10, 1984. The record was docketed in this court on November 19, 1984. It was submitted for decision without oral argument on January 4, 1985.

[2] Saunders' appointed counsel originally filed a motion pursuant to *Anders v. California*, 386 U. S. 738 (87 SC 1396, 18 LE2d 493) (1967), seeking permission to withdraw from the case. That motion was denied pursuant to *Huguley v. State*, 253 Ga. 709 (324 SE2d 729) (1985). Saunders' counsel then filed enumerations of error and a brief in support thereof.

defendant guilty of murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
  *Judgment affirmed. All the Justices concur.*

DECIDED APRIL 16, 1985.

*Gordon B. Smith*, for appellant.
*Spencer Lawton, Jr.*, District Attorney, *Michael J. Bowers*, Attorney General, *Eddie Snelling, Jr.*, for appellee.