**ROLAND MURRELL, Appellant/Defendant**

**v.**

**PEOPLE OF THE VIRGIN ISLANDS, Appellee/Plaintiff**

S. Ct. Crim. No. 2009-0064

Supreme Court of the Virgin Islands

April 21, 2010

DEBRA S. WATLINGTON, ESQ., Territorial Chief Public Defender, St. Thomas, USVI, *Attorney for Appellant*.

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice*.

## OPINION OF THE COURT

(April 21, 2010)

■ PER CURIAM. After a bench trial in the Superior Court, Appellant Roland Murrell (hereafter "Murrell") was convicted of one count of driving under the influence and two counts of negligent driving. Although

Murrell timely filed a notice of appeal seeking appellate review of these convictions, the Office of the Territorial Public Defender (hereafter "Public Defender") has filed multiple motions to withdraw as court-appointed counsel pursuant to *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) on the ground that "no appealable issues have been found from the bench trial for consideration on appeal." (*Anders* Br. at 8.) For the reasons that follow, this Court denies the Public Defender's motions to withdraw pursuant to *Anders* and further holds that this Court shall no longer entertain motions to withdraw pursuant to *Anders*, but instead require every court-appointed attorney in a direct criminal appeal as of right to submit a merits brief pursuant to Supreme Court Rule 22(a).

## I. FACTUAL AND PROCEDURAL BACKGROUND

On November 27, 2007, Appellee People of the Virgin Islands (hereafter "People") filed a two-count criminal complaint charging Murrell with driving under the influence in violation of title 20, section 493(a)(1) of the Virgin Islands Code and negligent driving in violation of title 20, section 503 of the Virgin Islands Code. On January 31, 2008, the Superior Court granted the People permission to amend the information to add a second count of negligent driving. The matter was originally scheduled for a jury trial. However, Murrell's court-appointed trial counsel — also an attorney employed by the Public Defender — notified the Superior Court on April 9, 2008 that he had discussed a waiver of jury with Murrell, but that Murrell objected, and on April 21, 2008 — the day of jury selection — Murrell's trial counsel requested that the Superior Court invoke title 14, section 4 of the Virgin Islands Code,[1] which it did on the same day. A bench trial occurred on July 7, 2008, which concluded with the Superior Court finding Murrell guilty of all three counts. Murrell timely filed a notice of appeal on July 15, 2008, and the Superior Court

---

[1] This statute reads, in its entirety:

> In misdemeanor cases only, trial judges are authorized to limit the term of imprisonment to six months in prison; in which event, the defendant may be tried by the court, except in cases where a mandatory sentence is imposed.

14 V.I.C. § 4.

subsequently entered its written Judgment and Commitment on July 17, 2008.[2]

On January 22, 2010, after the Public Defender filed a completed criminal appeal information sheet and the court reporter filed the pertinent transcripts with this Court, the Clerk of this Court issued a briefing schedule to the parties, which required that the Public Defender file Murrell's appellate brief and the joint appendix on or before March 3, 2010. However, the Public Defender did not file a brief or appendix on this date but, on March 5, 2010, filed a motion for leave to file an *Anders* brief out of time. This Court, in a March 11, 2010 Order entered by a single justice pursuant to Supreme Court Rule 21(c),[3] denied the Public Defender's motion for leave to file out of time and rejected its *Anders* brief due to several deficiencies with the attempted filing:

> As a threshold matter, this Court notes that the certificate of service attached to [the Public Defender]'s motion for leave to file out of time states that a copy of the motion was served on the [People], but does not indicate that it was served on [Murrell]. This Court has consistently held that all documents a court-appointed attorney files with this Court pertaining to an attempt to withdraw pursuant to *Anders* must be served on the Appellant. *See St. Louis v. People*, S.Ct. Crim. No. 2007-0086, 2008 V.I. Supreme LEXIS 40, *3 (V.I. Oct. 10, 2008); *Murrell v. People*, S.Ct. Crim. No. 2009-0035, slip op. at 2 (V.I. Dec. 3, 2009); *see also* V.I.S.CT.R. 21(a) ("[A]n application for an order or other relief shall be made by filing a motion for such relief with proof of service on all other parties." (emphasis added)). Notably, although the certificate of service affixed to [the Public Defender]'s *Anders* brief states that a copy of the *Anders* brief was hand-delivered to [Murrell], a certificate of service on an *Anders* brief itself is insufficient proof that other documents filed with the *Anders* brief were served on the Ap-

---

[2] "A notice of appeal filed after the announcement of a decision, sentence, or order — but before entry of the judgment or order — is treated as filed on the date of and after the entry of judgment." V.I.S.CT.R. 5(b)(1).

[3] "In addition to the authority expressly conferred by these Rules or by law, the Chief Justice, or any other justice designated by the Chief Justice, may entertain and may grant or deny any non-dispositive motion or other pretrial matter including, but not limited to, briefing schedules, motions for extensions of time, and motions for substitution of counsel. The action of a single justice may be reviewed by the Court or the appellate panel." V.I.S.CT.R. 21(a).

pellant. *See Murrell*, slip op. at 2. Consequently, [the Public Defender]'s failure to indicate that the motion for leave to file out of time was served on [Murrell] provides grounds for this Court to deny [the Public Defender]'s motion.

However, even if this Court were to overlook [the Public Defender]'s failure to serve a copy of the motion for leave to file out of time on [Murrell], it does not appear that the documents [the Public Defender] seeks to file out of time comply with this Court's requirements governing requests to withdraw pursuant to *Anders*. Significantly, although the *Anders* brief filed with [the Public Defender]'s motion for leave to file out of time requests that this Court permit [the Public Defender] to withdraw from the instant appeal, the submission of an *Anders* brief and appendix without the filing of a separate motion to withdraw is insufficient for this Court to grant counsel the relief requested, for "the filing of all of these documents is necessary to properly place before this Court the issue of whether an attorney should be granted permission to withdraw as court-appointed counsel in a criminal appeal." *Beaupierre v. People*, S.Ct. Crim. No. 2009-0005, slip op. at 2 (V.I. Dec. 29, 2009) (citing *Williams v. People*, S.Ct. Crim. No. 2007-0008, slip op. at 2 (V.I. Aug. 27, 2008)). Therefore, because the documents [the Public Defender] seeks to file out of time would be rejected by this Court even if leave to file out of time was granted, [the Public Defender] has failed to establish good cause to accept the proposed filing.

*Murrell v. People*, S.Ct. Crim. No. 2009-0064, slip op. at 1-3 (V.I. March 11, 2010). Moreover, although this Court did not reach the merits of the Public Defender's *Anders* brief in the March 11, 2010 Order, this Court nevertheless reminded the Public Defender that

in the event [the Public Defender] chooses to re-file her *Anders* brief, this Court cautions [the Public Defender] to consider this Court's recent decision in *Castillo v. People*, S.Ct. Crim. No. 2008-0072, 2010 WL 500439 (V.I. Jan. 27, 2010), in which it explained that an issue is wholly frivolous only if it is "so devoid of any legal or factual support that an attorney cannot ethically make those arguments before this Court," and that, by definition, an issue of first impression in this Court cannot be wholly frivolous even if it has been rejected by the United

538

States Court of Appeals for the Third Circuit, other Virgin Islands courts, or courts in other jurisdictions. 2010 WL 500439 at *3.

*Id.* at 3 n.1. Finally, this Court required the Public Defender to, within fourteen days, either file a merits brief on behalf of Murrell or re-file her *Anders* brief along with a motion to withdraw as counsel, provided that the *Anders* brief complied with the requirements outlined in *St. Louis v. People*, S.Ct. Crim. No. 2007-0086, 2008 V.I. Supreme LEXIS 40 (V.I. Oct. 10, 2008) and *Castillo v. People*, S.Ct. Crim. No. 2008-0072, 2010 WL 500439 (V.I. Jan. 27, 2010).

On March 25, 2010, the Public Defender filed a motion to withdraw as counsel along with the same *Anders* brief the Public Defender attempted to file on March 5, 2010, a renewed motion for leave to file the *Anders* brief out of time, and a motion for reconsideration of the March 11, 2010 Order.[4] Because the certificate of service on all of these documents indicate that they were served on Murrell, this Court may now consider whether the Public Defender should be permitted to withdraw as counsel and whether the appeal should be dismissed as frivolous.[5]

## II. DISCUSSION

### A. Legal Standard

This Court, in *St. Louis v. People*, adopted the following procedure for

---

[4] This Court notes that because the Public Defender's March 25, 2010 motion to withdraw and *Anders* brief were filed within the fourteen days authorized by this Court's March 11, 2010 Order, it does not appear that permission to file out of time is necessary for this Court to consider the Public Defender's motion to withdraw and *Anders* brief. Moreover, this Court also recognizes that the timely filing of those documents renders any challenge to this Court's prior decision to reject the *Anders* brief moot. Consequently, this Court denies the Public Defender's motions for leave to file out of time and for reconsideration without further analysis.

[5] In the past, this Court, upon receipt of a motion to withdraw pursuant to *Anders* that complies with the service requirements established in *St. Louis*, has issued an order informing the indigent appellant of his right to submit a *pro se* response to the *Anders* brief. However, given this Court's ultimate conclusion to prohibit the filing of motions to withdraw pursuant to *Anders*, as well as the fact that it is readily apparent from the *Anders* brief itself that Murrell's appeal is not frivolous, combined with the delays in this case brought about by the Public Defender's multiple attempts to withdraw as counsel, it is not necessary for this Court to await a response, if any, from Murrell prior to denying the Public Defender's motion to withdraw pursuant to *Anders*.

motions filed by court-appointed attorneys seeking to withdraw from direct criminal appeals on the basis that the appeal is wholly frivolous:

> When a court-appointed counsel determines, in a first appeal of right in a criminal case, that there are no non-frivolous grounds for appeal, said counsel shall submit an *Anders* brief which demonstrates that counsel has thoroughly examined the record in search of appealable issues and explains why any such issues are frivolous. *See U.S. v. Youla*, 241 F.3d 296, 299 (3d Cir. 2001). "A copy of counsel's brief should [then] be furnished [to] the indigent and time allowed him to raise any points that he chooses; the court — not counsel — then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous." *Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). If the *Anders* brief initially appears adequate on its face, and the appellant has not submitted a *pro se* brief in response, the proper course " 'is for the appellate court to be guided in reviewing the record by the *Anders* brief itself.' " *Youla*, 241 F.3d at 301 (quoting *U.S. v. Wagner*, 103 F.3d 551 (7th Cir. 1996)).

*St. Louis*, 2008 V.I. Supreme LEXIS 40, at *3 (V.I. Oct. 11, 2008). This Court further observed that, in the event this Court agrees that there are no non-frivolous grounds for appeal, this Court shall not only grant the motion to withdraw, but dismiss the appellant's appeal. *Id.* 2008 V.I. Supreme LEXIS 40. However, this Court recently clarified that "[w]hile an argument may lack merit when it is 'against the weight of legal authority,' it is not a frivolous argument unless it 'is not only against the overwhelming weight of legal authority but also entirely without any basis in law or fact or without any logic supporting a change of law.' " *Castillo*, 2010 WL 500439, at *2 (quoting *State v. Turner*, No. W1999-01516-CCA-R3-CD, 2000 Tenn. Crim. App. LEXIS 248, *5 (Tenn. Crim. App. Mar. 17, 2000)).

### B. Drawbacks of the *Anders* Procedure

■ ■ The *Anders* procedure, however, only "presents the minimum level of protection to which a criminal defendant is constitutionally entitled on appeal," for *Anders* does not represent "a constitutional mandate not subject to modification." *State v. Cigic*, 138 N.H. 313, 639 A.2d 251, 252-53 (N.H. 1994). As the United States Supreme Court has recently explained,

the *Anders* procedure is not "an independent constitutional command," but rather is just "a prophylactic framework" that we established to vindicate the constitutional right to appellate counsel announced in *Douglas*. 481 U.S. at 555, 107 S. Ct. 1990. We did not say that our *Anders* procedure was the only prophylactic framework that could adequately vindicate this right; instead, by making clear that the Constitution itself does not compel the *Anders* procedure, we suggested otherwise. Similarly, in *Penson v. Ohio*, 488 U.S. 75, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988), we described *Anders* as simply erecting "safeguards." 488 U.S. at 80, 109 S. Ct. 346. . . . [A]ny view of the procedure we described in the last section of *Anders* that converted it from a suggestion into a straitjacket would contravene our established practice, rooted in federalism, of allowing the States wide discretion, subject to the minimum requirements of the Fourteenth Amendment, to experiment with solutions to difficult problems of policy.

*Smith v. Robbins*, 528 U.S. 259, 273, 120 S. Ct. 746, 757, 145 L. Ed. 2d 756 (2000).

 Numerous jurisdictions, recognizing the multitude of problems inherent in the *Anders* procedure, have accepted the Supreme Court's invitation to alter or outright eliminate the *Anders* framework. First, the requirement that court-appointed attorneys submit briefs explaining why their clients' appeals are wholly frivolous is inconsistent with the role defense attorneys play in the criminal justice system. The Missouri Supreme Court, in an opinion quoting heavily from the 1970 tentative draft of the American Bar Association's Standards for the Prosecution Function and the Defense Function, explained that

'[o]n the premise that the lawyer is of greater aid to the court by remaining with a weak or groundless appeal than by withdrawing, the preferable position is for him to remain even at some cost to the concept of professional independence of the lawyer. The lawyer cannot properly engage in advocacy calculated to mislead or deceive the court, and no lawyer should do so. But, in this situation, appearance of counsel is not an implicit representation to the court that he believes in the legal substantiality of the contentions advanced. The court should not take an absence of a request to withdraw as an indication of the lawyer's own estimate of the case. Nor should the lawyer compromise his relationship with and duty toward his client by subtle or open dis-

claimers of personal belief in the merits of any given argument. He can, in good conscience, communicate to the court the issues and whatever can be said in support of them without, at the same time, advising the court that he is aware of the weakness of the position.

. . . .

[']Counsel thus serves his function by appearing on behalf of his client and presenting the client's arguments. He is not, of course, required to distort the state of the law in so doing; indeed, he is obligated to reveal to the court any decisions directly adverse to his client's contentions, if they have not already been presented to the court by the government.

. . . .

'This procedure satisfies the principles of *Anders* and avoids placing defense counsel in a position in which he may be tempted to take too narrow a view of the arguments that may be made in his client's behalf. At the same time, the lawyer remains consistent to his professional obligation to be candid with the court in the presentation of the appeal. . . .' Accordingly, it may be reasonably anticipated in criminal cases on direct appeal . . . that applications of counsel to withdraw because the appeal is considered frivolous will be denied[.]

*State v. Gates*, 466 S.W.2d 681, 683-84 (Mo. 1971). Multiple other jurisdictions have followed Missouri and have also granted criminal defendants protections greater than those suggested in *Anders* on the basis that *Anders* briefs prejudice indigent defendants by relieving their attorneys of the requirement to serve as their advocates. *See, e.g., In re Attorney's Fees of Mohr*, 97 Haw. 1, 32 P.3d 647, 653 (2001) ("It has been and continues to be the policy of this court not to permit *Anders* briefs. We think the better policy is to require counsel to remain an advocate for the client."); *State v. McKenney*, 98 Idaho 551, 568 P.2d 1213, 1213-15 (1977) ("Nevertheless, we deem it clear that the mere submission of such a motion by appellate counsel cannot but result in prejudice. . . ."); *Killingsworth v. State*, 490 So.2d 849, 850-51 (Miss. 1986) ("The problem with *Anders* is that the process it sanctions belies its underlying premise . . . . The procedure there authorized . . . has reduced [counsel] to the status of an amicus curiae. Such is the inevitable result of allowing an indigent defendant's court-appointed counsel, on the one hand, to state that he regards the appeal as 'wholly frivolous,' and on the other, to require that he file a brief raising any points 'that might arguably support the appeal.' ") (quoting *Anders*, 386 U.S. at 744);

*Ramos v. State*, 113 Nev. 1081, 944 P.2d 856, 857 (1997) ("The *Anders* approach is schizophrenic in nature. An attorney raises issues and arguments and then is forced to concede that those arguments are without merit. We refuse to accept the notion that an attorney can file a no merit affidavit without actually advocating against the merit of his client's appeal. . . ."); *Cigic*, 639 A.2d at 252 ("[T]he *Anders* approach puts counsel at odds with the client, forcing counsel into the awkward position of arguing against the client before the reviewing court, and leading the defendant to conclude that his or her interests have been compromised."); *State v. Balfour*, 311 Ore. 434, 814 P.2d 1069, 1079 (1991) ("[T]he rules respecting *Anders* briefs require counsel to take an unnatural, if not unethical, posture."); *State v. Korth*, 2002 SD 101, 650 N.W.2d 528, 535-36 (2002) (same).

The *Anders* procedure, in addition to altering the role of defense counsel, also imposes unnecessarily heavy burdens on the judiciary, in that the steps a court-appointed attorney must undertake to receive permission to withdraw from an allegedly frivolous appeal are significantly more onerous for both counsel and the appellate court than if the court simply required court-appointed counsel to fully prosecute the appeal even if it is frivolous. As the Idaho Supreme Court observed,

> we take judicial notice of the files and records of this court and find no instance since the issuance of the *Anders* decision wherein this Court has permitted the withdrawal of appellate counsel in a criminal case on the basis the appeal is frivolous and lacks merit. In any case where counsel has unsuccessfully sought to withdraw on the basis that the appeal is frivolous and without merit he can find himself in a completely intolerable situation if required to thereafter pursue an appeal. *We further determine that if a criminal case on appeal is wholly frivolous, undoubtedly, less of counsel and the judiciary's time and energy will be expended in directly considering the merits of the case in its regular and due course as contrasted with a fragmented consideration of various motions, the consideration of which necessarily involves a determination of merits.* On the other hand, if there is arguable merit in the appeal (a determination of which by appellate counsel is usually extremely difficult) counsel who has made a motion for withdrawal is also necessarily caught up in a conflict of interest between his duties toward his client and his duty toward the court of candor and truthfulness.

*McKenney*, 568 P.2d at 1213-15 (emphasis added). Judicial economy concerns also provided the primary basis for the Massachusetts Supreme Judicial Court's decision to join Idaho in eliminating the *Anders* procedure:

> Aside from the possibility of prejudice, practical administrative reasons exist for prohibiting withdrawal. If appointed counsel may move to withdraw on grounds of frivolousness, the court must determine whether the appeal is frivolous in order to rule on counsel's motion, and the determination necessarily entails consideration of the merits of the appeal. As long as counsel must research and prepare an advocate's brief, he or she may as well submit it for the purposes of an ordinary appeal. Even if the appeal is frivolous, less time and energy will be spent directly reviewing the case on the merits. *See State v. McKenney, supra; Sanchez v. State*, 85 Nev. 95, 97, 450 P.2d 793 (1969); *Commonwealth v. Seville*, 231 Pa. Super. 120, 123, 331 A.2d 807 (1974) (Cercone, J., dissenting). If the appeal is not frivolous, but rather arguable on the merits, refusing to permit withdrawal would also obviate any need to substitute counsel to argue the appeal. *Cf. People v. Wende*, 25 Cal. 3d 436, 442 n.3, 158 Cal. Rptr. 839, 600 P.2d 1071 (1979) (requiring appointment of substitute counsel if original counsel characterizes appeal as frivolous but the court decides it is arguable on the merits). . . . We thus conclude that appointed counsel should not be permitted to withdraw solely on the ground that the appeal is frivolous or otherwise lacking in merit.

*Commonwealth v. Moffett*, 383 Mass. 201, 418 N.E.2d 585, 591 (1981). *See also Huguley v. State*, 253 Ga. 709, 324 S.E.2d 729, 730-31 (1985) ("We now hold that in the future *Anders* motions will not be granted by this court. We conclude that the *Anders* motion is unduly burdensome in that it tends to force the court to assume the role of counsel for the appellant."). Most recently, the Indiana Supreme Court — the latest state supreme court to reject *Anders* — made virtually identical observations regarding the impact the *Anders* procedure has on judicial economy:

> Overall *Anders* is cumbersome and inefficient. An attorney who withdraws pursuant to *Anders* must still review the record, complete at least some legal research, consult and advise the client, and draft a brief for submission to the Court of Appeals. 386 U.S. at 744, 87 S.Ct. 1396. If all this is done, the attorney "may as well submit it for the

purposes of an ordinary appeal." *Commonwealth v. Moffett*, 383 Mass. 201, 418 N.E.2d 585, 590-91 (1981). Furthermore, the Court of Appeals must conduct a "full examination of all the proceedings" to determine if there are any meritorious issues. *Anders*, 386 U.S. at 744, 87 S.Ct. 1396. Any saving of time and effort by counsel in preparing an *Anders* brief is offset by increased demands on the judiciary, which is to some extent placed in the precarious role of advocate. *See Huguley v. State*, 253 Ga. 709, 324 S.E.2d 729, 731 (1985); *State v. Gates*, 466 S.W.2d 681, 684 (Mo. 1971). And if the reviewing court finds any meritorious issues, even more time and money must be spent in substituting new counsel and starting the appeal all over again. *Dixon*, 152 Ind. App. at 438, 284 N.E.2d at 106-07. Requiring counsel to submit an ordinary appellate brief the first time-no matter how frivolous counsel regards the claims to be-is quicker, simpler, and places fewer demands on the appellate courts. *Cline*, 253 Ind. at 269-70, 252 N.E.2d at 796; *see also* Martha C. Warner, ANDERS IN THE FIFTY STATES: SOME APPELLANTS' EQUAL PROTECTION IS MORE EQUAL THAN OTHERS', 23 FLA. ST. U.L. REV. 625, 643-51 (1996) (describing principal considerations of states rejecting *Anders*); LAFAVE, *supra*, § 11.2(c), at 634 (same).

*Mosley v. State*, 908 N.E.2d 599, 607 (Ind. 2009).

■ Finally, several courts have recognized that allowing for withdrawals pursuant to *Anders* is inconsistent with the concept that criminal defendants are entitled to a direct appeal of their convictions as of right. The North Dakota Supreme Court, in its decision to replace the *Anders* procedure with a method tailored to North Dakota, explained that the *Anders* procedure appeared to conflict with North Dakota constitutional and statutory law:

> It appeared from the briefs and statements made at oral argument that the parties to this case overlooked the fact that criminal appeals in North Dakota are as a matter of right, and not by permission of the court or by some form of certiorari. . . . The constitutional and statutory provisions impose a duty upon this court to hear defendant's appeal which was taken as a matter of right from the judgment of conviction. If we were to fashion a North Dakota procedure in strict compliance with *Anders* and initially determine, after the court-appointed defense attorney found no merit in an appeal, whether or not an appeal was

frivolous and only in the event that we found some semblance of appellate merit appoint another attorney to prosecute the appeal for the indigent, we would be acting contrary to § 90 of the North Dakota Constitution and §§ 29-28-06 and 29-28-03, NDCC.

*State v. Lewis*, 291 N.W.2d 735, 737-38 (N.D. 1980). The Indiana Supreme Court recently made a similar finding, noting that "in a direct appeal a convicted defendant is entitled to a review by the judiciary, not by overworked and underpaid public defenders." *Mosley*, 908 N.E.2d at 608.

### C. *Anders* Withdrawals Will No Longer Be Accepted in this Court

Over the past two years, court-appointed attorneys in cases pending in the Virgin Islands Supreme Court have filed or attempted to file *Anders* briefs in approximately seven criminal appeals. However, like the Idaho Supreme Court prior to its rejection of *Anders*, this Court has not, in any of the cases in which a motion to withdraw pursuant to *Anders* was ultimately considered on the merits, permitted court-appointed counsel to withdraw. This is because, as this Court noted in *Castillo*, it is a "*very rare situation*" for an attorney to be "left with no argument but merely frivolous ones." *Castillo*, 2010 WL 500439, at *2 (quoting *Turner*, 2000 Tenn. Crim. App. LEXIS 248, at *6).[6]

▮ Given this context, this Court finds that the drawbacks to following the *Anders* procedure greatly outweigh any potential benefit to continuing to allow court-appointed attorneys to file motions to withdraw as counsel on the basis of their belief that an appeal is wholly frivolous. As *St. Louis*,[7] *Castillo*,[8] and this case[9] demonstrate, court-appointed attorneys — even those, such as the Public Defender, who specialize in criminal

---

[6] This is particularly true when one combines "this Court's recent holding that [prior] 'decisions rendered by the Third Circuit and the Appellate Division of the District Court . . . only represent persuasive authority when this court considers an issue,'" *id.* at *3 n.5 (quoting *In re People of the V.I.*, 51 V.I. 374, 389 n. 9 (V.I. 2009)), with the fact that an appeal raising an issue of first impression in this Court by definition cannot be characterized as wholly frivolous. *Id.* at *2-3.

[7] In *St. Louis*, this Court, recognizing that the appellant had been illegally sentenced, denied the Public Defender's motion to withdraw pursuant to *Anders* and remanded the matter to the Superior Court for re-sentencing. *St. Louis*, 2008 V.I. Supreme LEXIS 40, at *8.

[8] In *Castillo*, this Court denied a motion to withdraw pursuant to *Anders* filed by an attorney employed by the Public Defender because many of the potential issues raised in the

law — often fail to recognize the distinction between issues that lack merit and issues that are wholly frivolous, which ultimately results in adjudication of non-frivolous appeals being delayed for months pending this Court's consideration, and likely eventual denial, of counsel's motion to withdraw pursuant to *Anders*. Moreover, since *Anders* requires that this Court independently review the record, continuing the practice of entertaining withdrawals pursuant to *Anders* grants certain criminal defendants greater protection than others, in that this Court may advise an attorney who has filed an *Anders* brief of non-frivolous appealable issues prior to the filing of a merits brief while no such privilege is conferred on the clients of retained attorneys or court-appointed attorneys who do not file an *Anders* brief. Additionally, although one state has addressed these concerns by authorizing court-appointed attorneys to essentially withdraw representation as of right,[10] this procedure is impractical in this jurisdiction given the small size of the Virgin Islands Bar and, if implemented, would result in significant delays by replacing attorneys already acquainted with a case with new attorneys who must spend additional time becoming sufficiently familiar with the facts in order to properly litigate an appeal on the merits. Accordingly, this Court joins the courts of Georgia, Hawaii, Idaho, Indiana, Massachusetts, Missouri, New Hampshire, Nevada, and South Dakota in prohibiting the filing of motions to withdraw pursuant to *Anders* and requiring all court-appointed

---

*Anders* brief constituted issues of first impression in this Court and thus could not have been wholly frivolous. *Castillo*, 2010 WL 500439, at *3.

[9] In her *Anders* brief, the Public Defender contends that "[t]here is no basis upon which to challenge the constitutionality of [20 V.I.C. § 493(a)(1)] on vagueness, as that argument has consistently been rejected over the years." (*Anders* Br. at 11.) However, as this Court held in *Castillo* almost two months before the *Anders* brief in this case was filed, an issue of first impression *in this Court* is not wholly frivolous even if it has been rejected by other courts in the Virgin Islands. *Castillo*, 2010 WL 500439, at *3. Likewise, this Court has never considered the second potential issue identified in the *Anders* brief — whether a defense attorney may request invocation of 14 V.I.C. § 4 over a client's objections — or even whether 14 V.I.C. § 4 is itself constitutional. *See People v. Daly*, Super. Ct. Crim. No. 641/2009, 2010 WL 454801, at *2 (V.I. Super. Ct. Feb. 5, 2010) (holding that 14 V.I.C. § 4 is inconsistent with the Revised Organic Act).

[10] *See Lewis*, 291 N.W.2d at 738 ("We conclude that the proper procedure to be followed by the courts of [North Dakota] in cases such as the one before us in which the court-appointed defense counsel believes that the indigent defendant's appeal is without merit is to appoint another attorney to represent the defendant on appeal as soon after the initially appointed attorney makes his opinion as to frivolity known to the court as is practical.").

attorneys to submit a merits brief regardless of any personal belief that the appeal they have been appointed to prosecute may lack merit or be frivolous.

## III. CONCLUSION

Because motions to withdraw pursuant to *Anders* are inconsistent with the obligations of defense counsel, unnecessarily burden judicial economy, and are inconsistent with the concept that a criminal defendant may choose to appeal his convictions as of right, this Court holds that, in direct criminal appeals, court-appointed attorneys may no longer file such motions with this Court and must instead prosecute the matters to which they have been appointed on behalf of the indigent defendant. Consequently, this Court denies the Public Defender's motion to withdraw in this case and shall require the Public Defender to submit a merits brief on Murrell's behalf.