Filed 9/12/14  Appeal following prior dismissal as abandoned
<u>CERTIFIED</u> <u>FOR</u> <u>PUBLICATION</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C073576 |
| v. | (Super. Ct. No. 98F00784) |
| MELVIN W. ANDERSON, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Sacramento County, Laurie M. Earl, Judge.  Appeal dismissed.

Deborah Prucha and Carol Foster, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Michael P. Farrell, Senior Assistant Attorney General, Catherine Chatman and R. Todd Marshall, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant Melvin W. Anderson appeals from the denial of his petition for recall and resentencing pursuant to the Three Strikes Reform Act of 2012 (the Act). (Pen. Code, § 1170.126.)[1] We appointed counsel to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) Counsel also advised defendant that he had a right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant.[2]

We conclude defendant is not entitled to *Wende* review on an appeal from the denial of his petition for recall and resentencing pursuant to the Act. This is not defendant's first appeal as of right from a criminal conviction, and there is no independent due process right to *Wende* review in this particular context.

Because appointed appellate counsel filed a brief indicating that there are no arguable issues on appeal, we will dismiss the appeal.

BACKGROUND

A jury convicted defendant of petty theft with a prior. (Pen. Code, § 666.) He had two prior strike convictions. In February 1999, the trial court sentenced defendant to a three strikes sentence of 25 years to life in prison.

The Act, enacted by the voters pursuant to Proposition 36, changed the three strikes law by reserving a life sentence for cases where the current crime is a serious or violent felony or the prosecution has pleaded and proved an enumerated disqualifying

---

[1] Undesignated statutory references are to the Penal Code.

[2] After we originally filed this opinion, we granted rehearing and directed the parties to submit supplemental briefing limited to whether defendant is entitled to *Wende* review on an appeal from the denial of his petition for recall and resentencing pursuant to section 1170.126. We have reviewed and considered the briefs filed by the parties.

factor. (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 167.) The Act also allows an inmate to file a petition for recall of sentence, and request resentencing, if the inmate is serving an indeterminate life sentence imposed pursuant to the three strikes law for a crime that is not a serious or violent felony. (§ 1170.126, subd. (b).) If the inmate is eligible for resentencing (§ 1170.126, subds. (e), (f)), the trial court shall resentence the inmate unless it determines, in its discretion, that resentencing would pose an unreasonable risk of danger to public safety. (§ 1170.126, subd. (f).)

In December 2012, defendant filed a petition for recall and resentencing pursuant to section 1170.126. The trial court denied the petition, ruling that defendant is ineligible for resentencing under the criteria set forth in section 1170.126, subdivision (e), because he has prior convictions for rape (former section 261, subdivision (3)) and oral copulation (section 288a). (§§ 1170.126, subd. (e)(3), 1170.12, subd. (c)(2)(C)(iv)(I), 667, subd. (e)(2)(C)(iv)(I); Welf. & Inst. Code, § 6600.) Defendant appealed from the order denying his section 1170.126 petition.[3]

DISCUSSION

We directed the parties to submit supplemental briefing limited to whether defendant is entitled to *Wende* review on an appeal from the denial of his petition for recall and resentencing pursuant to section 1170.126. We conclude *Wende* review is not required in this context.

---

[3] The California Supreme Court is currently reviewing whether denial of a section 1170.126 petition for recall and resentencing is an appealable order. (See, e.g., *Teal v. Superior Court* (2013) 217 Cal.App.4th 308, review granted July 31, 2013, S211708; *People v. Hurtado* (2013) 216 Cal.App.4th 941, review granted July 31, 2013, S212017 [review granted with hold pending consideration of *Teal*].) Here, in the interests of justice and judicial economy, we assume without deciding that the denial order is appealable. (See, e.g., *Estate of Stevenson* (2006) 141 Cal.App.4th 1074, 1089; *Alioto Fish Co. v. Alioto* (1994) 27 Cal.App.4th 1669, 1681; *Farrar v. McCormick* (1972) 25 Cal.App.3d 701, 707.)

A

A brief history of the genesis and application of *Wende* review will be helpful to our analysis. In *McKane v. Durston* (1894) 153 U.S. 684 [38 L.Ed. 867], the United States Supreme Court held that an appeal from a judgment of conviction is not a right under the United States Constitution. (*Id*. at pp. 687-688 [38 L.Ed. at p. 868].) Rather, it is within the discretion of the state to allow or not to allow appellate review of a final judgment in a criminal case. (*Ibid*.) Of course, every state, including California, has chosen to allow such review. (*In re Sade C.* (1996) 13 Cal.4th 952, 966 (*Sade C.*).) As a result, the United States Supreme Court has developed additional jurisprudence to guide the states in the implementation of that choice. (*Ibid*.)

Under the federal due process and equal protection clauses of the Fourteenth Amendment, if a state grants appellate review from a criminal conviction, it must do so in a way that does not discriminate based on poverty. (*Griffin v. Illinois* (1956) 351 U.S. 12, 18 [100 L.Ed. 891, 898-899].) Thus, in a defendant's first appeal as of right, an indigent criminal defendant has a right to the assistance of counsel appointed by the state. (*Douglas v. California* (1963) 372 U.S. 353, 356-357 [9 L.Ed.2d 811, 814].) When appointed counsel conscientiously concludes there are no meritorious grounds that can be asserted in a first appeal as of right, appointed counsel must nonetheless take certain steps to afford the client the advocacy which a nonindigent defendant would be able to obtain. (*Anders v. California* (1967) 386 U.S. 738, 744-745 [18 L.Ed.2d 493, 498] (*Anders*).) Appointed counsel must prepare a brief to assist the Court of Appeal in understanding the facts and legal issues in the case, and the defendant must be given an opportunity to present a brief. (*People v. Feggans* (1967) 67 Cal.2d 444, 447-448.) Moreover, as the California Supreme Court held in *Wende, supra,* 25 Cal.3d 436, even if the defendant does not personally file a brief, the Court of Appeal must conduct a review of the entire record whenever appointed counsel submits a brief which raises no specific issues. (*Wende, supra,* 25 Cal.3d at pp. 441-442.) The United States Supreme Court has held

4

that the *Wende* procedure provides " 'a criminal appellant pursuing a first appeal as of right [the] minimum safeguards necessary to make that appeal "adequate and effective[.]" ' [Citations.]" (*Smith v. Robbins* (2000) 528 U.S. 259, 276 [145 L.Ed.2d 756, 774].)

*Wende* review has since been extended to a minor's first appeal in a delinquency case. (*In re Kevin S.* (2003) 113 Cal.App.4th 97, 119.) A minor in a delinquency proceeding is charged with criminal conduct, is subject to the potential loss of liberty, and has a statutory right to appeal. (*Id.* at pp. 106-107.) The United States Supreme Court has extended many of the constitutional protections found in criminal proceedings to minors in delinquency proceedings, including the right to counsel. (*Id.* at p. 108.) In addition, if the minor is found to have committed a violent or serious felony, that finding can be used to enhance an adult sentence, even to a life term. (*Id.* at p. 118.) Because "the interests at stake in a juvenile delinquency proceeding parallel those at risk in a criminal prosecution," a minor is entitled to *Wende* review in the first appeal in a delinquency case. (*Id.* at pp. 118, 119.)

But courts have held that the *Anders* or *Wende* requirements do not extend to other proceedings. (*Pennsylvania v. Finley* (1987) 481 U.S. 551, 555 [95 L.Ed.2d 539, 545-546] (*Finley*) [*Anders* review is not required in a collateral attack on a final conviction because there is no federal constitutional right to counsel in those proceedings]; *Sade C., supra*, 13 Cal.4th at pp. 959, 978 [the *Anders* and *Wende* procedures do not apply to an indigent parent's appeal of a judgment or order regarding child custody]; *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 539 (*Ben C.*) [*Anders/Wende* review does not apply in conservatorship appeals]; *People v. Serrano* (2012) 211 Cal.App.4th 496, 502-503 (*Serrano*) [*Wende* review does not apply in an appeal from the denial of a motion to vacate a conviction]; *People v. Dobson* (2008) 161 Cal.App.4th 1422, 1425 [*Wende* review does not apply in an appeal from the denial of a petition to restore competency]; *People v. Taylor* (2008) 160 Cal.App.4th 304, 312 [*Anders/Wende* review

5

procedures do not apply to appeals from mentally disordered offender recommitments]; *People v. Thurman* (2007) 157 Cal.App.4th 36, 39, 45-48 [appointed trial counsel was not required to file an *Anders/Wende* brief upon determining there were no grounds to file a motion for new trial]*; Glen C. v. Superior Court* (2000) 78 Cal.App.4th 570, 579 (*Glen C.*) [*Anders/Wende* review is not required for dependency writs].)

Courts have emphasized that *Anders* and *Wende* procedures only apply to appointed appellate counsel's representation of an indigent criminal defendant in the first appeal as of right, and that the procedures mandated by *Anders* are prophylactic rather than set down by any mandate from the Constitution.  (*Finley, supra,* 481 U.S. at p. 555 [95 L.Ed.2d at p. 545]; *Sade C., supra,* 13 Cal.4th at p. 977.)  Such a judicially crafted prophylactic rule "applies only where its benefits outweigh its costs[.]  [Citations.]" (*Maryland v. Shatzer* (2010) 559 U.S. 98, 106 [175 L.Ed.2d 1045, 1054]; *Montejo v. Louisiana* (2009) 556 U.S. 778, 793 [173 L.Ed.2d 955, 968] [the value of a prophylactic rule " 'must be assessed not only on the basis of what is gained, but also on the basis of what is lost' "].)  The courts have noted that the *Anders* and *Wende* procedures impose significant burdens and costs.  (*Serrano, supra,* 211 Cal.App.4th at p. 503; *Glen C., supra,* 78 Cal.App.4th at p. 579; *United States ex rel. Green v. Washington* (N.D. Ill. 1996) 917 F.Supp. 1238, 1276; *Huguley v. State* (Ga. 1985) 253 Ga. 709, 710; *Commonwealth v. Moffett* (Mass. 1981) 383 Mass. 201, 205; see also *Sade C., supra,* 13 Cal.4th at p. 979, fn. 7.)

B

Applying the foregoing law and considerations, we begin by concluding that *Anders* does not directly apply to an appeal from the denial of a petition for recall and resentencing pursuant to section 1170.126.  (See *Sade C., supra,* 13 Cal.4th at p. 965.) The *Anders* prophylactic procedures apply only to appointed appellate counsel's representation of an indigent criminal defendant in the first appeal as of right.  (*Sade C., supra,* 13 Cal.4th at p. 982.)  This appeal, of course, is not defendant's first appeal as of

6

right. Moreover, the *Anders* procedures are dependent for their applicability on an indigent criminal defendant's constitutional right, under the Fourteenth Amendment's due process and equal protection clauses, to the assistance of appellate counsel appointed by the state, and then again only in the first appeal as of right. (*Ibid*.) Defendant does not have a *constitutional* right to appointed appellate counsel in this postconviction proceeding addressing a sentence that has become final upon exhaustion of the appellate process. (*Finley, supra,* 481 U.S. at p. 555 [95 L.Ed.2d at pp. 545-546].) The court in *Finley* rejected the suggestion that *Anders* procedures should be applied to a state-created statutory right to counsel for postconviction review, explaining it is the source of the right to counsel, combined with the nature of the proceeding, that controls the constitutional question. (*Finley, supra,* 481 U.S. at p. 556 [95 L.Ed.2d at p. 546].) "When the defendant 'has no underlying constitutional right to appointed counsel,' he 'has no constitutional right to insist on the *Anders* procedures which were designed solely to protect that underlying constitutional right.' " (*Sade C., supra,* 13 Cal.4th at p. 973, quoting *Finley, supra,* 481 U.S. at p. 557 [95 L.Ed.2d at p. 547]; see also *Ben C., supra,* 40 Cal.4th at pp. 536-537.)

C

Although we have concluded that *Anders* does not directly apply to this appeal, that does not end our analysis. We must also consider whether the Fourteenth Amendment's due process clause requires application of the *Anders* prophylactic procedures to achieve fundamental fairness. (See *Sade C., supra*, 13 Cal.4th at pp. 984, 986-987; *Ben C., supra,* 40 Cal.4th at pp. 537-539.) We make this determination by balancing "(1) the private interests at stake; (2) the state's interests involved; and (3) the risk that the absence of the procedures in question will lead to an erroneous resolution of the appeal." (*Sade C., supra*, 13 Cal.4th at pp. 984, 986-987; see also *Ben C., supra,* 40 Cal.4th at pp. 537-539.)

We begin by considering the first element, the private interests at stake. Here, defendant has a private interest in obtaining resentencing of his 25-year-to-life sentence, which was valid and final before the Act went into effect, in order to acquire a reduced sentence under the Act. This interest is very important to defendant. But the interest is not derived from the Constitution, because the state and federal Constitutions do not require retroactive application of legislation reducing punishment for a crime. (See *People v. Floyd* (2003) 31 Cal.4th 179, 188; *People v. Lynch* (2012) 209 Cal.App.4th 353, 360.)

The second element involves consideration of the state's interests. Among other things, in this context the state has interests in maintaining public safety and the criminal law's deterrent effect; reducing prison overcrowding and the cost of incarceration; managing the procedures for resentencing; and securing a just resolution fairly, economically and expeditiously. The ability of the state to manage its own procedures for resentencing should not be minimized. As the United States Supreme Court explained, "in this area States have substantial discretion to develop and implement programs to aid prisoners seeking to secure postconviction review." (*Finley, supra,* 481 U.S. at p. 559 [95 L.Ed.2d at p. 548].) In addition, the significant burdens and costs identified by the courts as concomitant with *Anders* and *Wende* procedures are relevant to this analysis.

Turning to the third element, we consider the risk that the absence of *Anders/Wende* procedures will lead to an erroneous resolution of the appeal. The relative risk at different stages of a criminal proceeding is reflected in the right to appointed counsel. At the trial stage, the risk is great, and a defendant has a constitutional right to counsel. (*Ross v. Moffitt* (1974) 417 U.S. 600, 610-611 [41 L.Ed.2d 341, 351].) The risk is lower, however, in a postconviction collateral attack, hence the state need not provide appointed counsel at that stage. (*Finley, supra*, 481 U.S. at pp. 556-557 [95 L.Ed.2d at p. 547].) In this case, defendant has already been afforded all the constitutional protections

8

of a first appeal of right, including the prior right to *Wende* review under applicable circumstances.

Balancing the foregoing elements, we conclude due process does not require us to extend the *Anders/Wende* procedures to an appeal from the denial of a petition for recall and resentencing pursuant to section 1170.126.

D

The California Supreme Court provided guidance for appointed appellate counsel when there are no arguable issues and *Wende* review does not apply. In such a case, "counsel need not and should not file a motion to withdraw. Instead, counsel should (1) inform the court he or she has found no arguable issues to be pursued on appeal; and (2) file a brief setting out the applicable facts and the law. Such a brief will provide an adequate basis for the court to dismiss the appeal on its own motion." (*Ben C., supra*, 40 Cal.4th at p. 544, fns. omitted.) Appointed counsel in "criminal appeals arising from proceedings other than the first appeal of right" shall act in accordance with these procedures when counsel finds no arguable issues. (*Serrano, supra*, 211 Cal.App.4th at p. 503.)

Appointed counsel's *Wende* brief in this case satisfies these requirements. We will dismiss this appeal.

DISPOSITION

The appeal is dismissed.

        MAURO       , Acting P. J.

We concur:

        MURRAY        , J.

        DUARTE        , J.

9