## WATSON v. UNITED STATES.
### No. 12107.

Circuit Court of Appeals, Fifth Circuit.

April 1, 1948.

A. C. Dressler, of Miami, Fla., and John G. Sawyer, of Key West, Fla., for appellant.

Herbert S. Phillips, U. S. Atty., of Tampa, Fla., for appellee.

Before SIBLEY, WALLER, and LEE, Circuit Judges.

WALLER, Circuit Judge.

Appellant was tried and convicted on October 4, 1946, in Key West, Florida, of murder in the first degree. A new trial was granted which resulted in a second conviction on August 7, 1947, of the same offense, and on August 21, 1947, he was consequently sentenced to death.

No salutary purpose will be served by setting out the shocking details of the crime and its vile motive. Suffice it to say that the trial Court went to great lengths to see to it that the defendant had a fair and lawful trial. Court-appointed counsel for defendant represented him with commendable zeal and ability and at the expense of much effort and money. Eminent psychiatrists and alienists were appointed by the Court to inquire into defendant's mental condition. Their testimony, as well as the testimony of alienists other than those appointed by the Court, was submitted to the jury under instructions that were highly favorable to the defendant. The confessions of the defendant not only were found by the Judge to be free and voluntary—in which finding we also concur—but the question as to whether they were free and voluntary was also submitted to the jury under instructions that were likewise liberal to the defendant.

Every legal and constitutional right of Appellant appears to have been carefully observed and safeguarded. Two juries, with competent and overwhelming evidence to support them, have, on two separate trials, found the defendant guilty. The second trial, which we are here reviewing, was free from reversible error.

Accordingly, the judgment is affirmed, but since it was stayed under Federal Rules of Criminal Procedure, rule 38 (a) (1), 18 U.S.C.A. following section 687, by this appeal, and since the time fixed in the judgment for the execution of the sentence has expired, the cause is remanded to the lower Court with the directions that it, in due course of law, do correct its said judgment, and do designate another time for the carrying of same into execution.

Affirmed.