**ARVIN D. JOSEPH JR., Appellant/Defendant**

**v.**

**PEOPLE OF THE VIRGIN ISLANDS, Appellee/Plaintiff**

S. Ct. Criminal No. 2013-0009

Supreme Court of the Virgin Islands

December 11, 2013

285

KELE ONYEJEKWE, ESQ., Appellate Public Defender, St. Thomas, USVI, *Attorney for Appellant.*

PAMELA R. TEPPER, ESQ., Assistant Attorney General, St. Thomas, USVI, *Attorney for Appellee.*

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice.*

## OPINION OF THE COURT

(December 11, 2013)

HODGE, *Chief Justice.* Arvin D. Joseph Jr. appeals from a January 13, 2013 Judgment and Commitment, which entered his convictions for robbery in the first degree and grand larceny. Joseph argues that this Court lacks jurisdiction because his conviction for grand larceny was stayed, and he further argues that he is entitled to a reversal of his grand larceny

conviction because the jury failed to declare a value of the stolen property on the verdict forms.[1] For the reasons that follow, we affirm.

## I. STATEMENT OF RELEVANT FACTS AND PROCEDURAL POSTURE

The trial court testimony demonstrates that on January 23, 2012, Janice E. Hill Pearson was shopping at K-Mart in the Tutu Park Mall on St. Thomas with her daughter and her two grandchildren. A young man approached her, punched her in the chest, and yanked her chain off of her neck. Pearson's daughter and store security officers pursued the suspect, but he escaped. At the police station, Pearson and other witnesses identified Joseph from a photo array as the suspect who had stolen the chain. Pearson testified that her chain was from the designer "Gucci," that it was 14-karat gold, and that it was comprised of a necklace and a bracelet, which extended the length of the necklace. (J.A. 54.) She further testified that she had purchased the items about two years before the incident, and that the necklace cost about "eight and change," while the bracelet cost "four and change." (J.A. 51.)

The People charged Joseph with first-degree assault committed with the intention to commit a robbery, third-degree robbery, and grand larceny. The trial began on September 10, 2012, and during the trial, Joseph's attorney did not contest the value of the stolen chain. At the conclusion of the trial, the jury found Joseph not guilty of first-degree assault, but found him guilty of third-degree robbery and grand larceny. The jury verdict forms declared his guilt as to grand larceny, but did not assign a value to the stolen property. The court sentenced Joseph to three years of imprisonment on the robbery conviction, but stayed the sentence for the grand larceny conviction pursuant to section 104 of title 14 of the Virgin Islands Code, because the two convictions were based on the same act. (J.A. 12-13.)

## II. DISCUSSION

### A. Jurisdiction

█ █ "The Supreme Court [has] jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court,

---

[1] Joseph did not raise any challenges to his robbery conviction on appeal.

or as otherwise provided by law." V.I. CODE ANN. tit. 4, § 32(a). Joseph's counsel argues that the Superior Court's January 13, 2013 Judgment and Commitment does not constitute a final judgment for purposes of this Court's jurisdiction because the trial court stayed the imposition of the sentence on one count for which Joseph was convicted. We have addressed this issue in *Williams v. People*, 58 V.I. 341, 345 (V.I. 2013), and Joseph presents no reason for us to rule differently in this case.[2] Consequently, this Court has jurisdiction over Joseph's appeal.

## B. Standard of Review

We review the Superior Court's factual findings for clear error and exercise plenary review over the Superior Court's application of the law to those facts. *St. Thomas-St. John Bd. of Elections v. Daniel*, 49 V.I. 322, 329 (V.I. 2007); *see also People v. John*, 52 V.I. 247, 255 (V.I. 2009) (quoting *United States v. Shields*, 458 F.3d 269, 276 (3d Cir. 2006)), *aff'd*,

---

[2] As in *Williams*, Joseph's interests are not furthered by challenging this Court's jurisdiction or our "authority" to hear this appeal; consequently, we decline to impute these arguments to Joseph himself. Moreover, for the same reasons previously given when this Court prohibited court-appointed counsel from filing Anders briefs, *Murrell v. People*, 53 V.I. 534, 547-48 (V.I. 2010), we decline to address these and any other issues in which a court-appointed attorney appears to knowingly advocate for a result directly contrary to his client's interests. *Williams*, 58 V.I. at 346 n.2.

Even if we addressed the claim asserted by Joseph's counsel, we would find it meritless. Contrary to his claims, Section 3673 of Title 5 does not provide Joseph any relief. It states that,

Except as provided in section 3672 of this title and Rule 38 of the Federal Rules of Criminal Procedure, the sentence of imprisonment of any person convicted of an offense in the district court or Superior Court of the Virgin Islands shall commence to run from the date on which he is received at the penitentiary, reformatory, or jail for service of the sentence. If he is committed to a jail or other place of detention to await transportation to the place at which his sentence is to be served, his sentence shall commence to run from the date on which he is received at the jail or other place of detention.

5 V.I.C. § 3673.

Section 3673's reference to section to Rule 38 of the Federal Rules of Criminal Procedure, styled "Staying a sentence or a disability," makes clear that the Legislature contemplated that sentences *could* be stayed by an appellate court under certain circumstances. Consequently, it is immediately apparent that section 3673 serves as no bar to appellate jurisdiction for it provides — by reference to Rule 38 — for stays pending appeal. It is an inescapable conclusion that a stay could not prevent an appeal by defeating jurisdiction, for then there would be no need for stays pending appeal. *Cf. Watson v. United States*, 166 F.2d 1018, 1019 (5th Cir. 1948) (considering and deciding a criminal appeal from a judgment in which the appellant's sentence was stayed pursuant to Rule 38).

654 F.3d 412, 55 V.I. 1324 (3d Cir. 2011). Where an appellant fails to object to a Superior Court order or decision, we review for plain error, provided that the challenge has been forfeited rather than waived. V.I.S.CT.R. 4(h); *Phipps v. People*, 54 V.I. 543, 546 (V.I. 2011).

## C. Verdict Forms — Value

Joseph challenges his conviction for grand larceny because the jury verdict forms did not state the value of the stolen jewelry. Because Joseph did not raise this issue before the trial court, we review only for plain error.

Joseph relies on section 3636 of title 5, which states:

When an information charges an offense against property by larceny, embezzlement, or obtaining by false pretenses, the jury, on conviction, *shall ascertain and declare in the verdict the value of the property stolen*, embezzled, or falsely obtained.

5 V.I.C. § 3636 (emphasis added).

In this case, it is clear that the jury did not comply with section 3636.[3] Consequently, Joseph has demonstrated that there was an error that is plain. *Connor v. People*, 59 V.I. 286, 297 (V.I. 2013) (stating that it is error for the trial court to fail to require jurors to declare in the verdict the value of the stolen property in a case involving larceny or grand larceny). However, he is unable to satisfy the other "plain error" factors. He does not indicate how the failure to state the value of the gold chain prejudiced him. *See id.* at 297-298 (concluding, under similar circumstances, that the failure to declare the value of the stolen property did not prejudice the appellant); *see also Murrell v. People*, 54 V.I. 338, 367 (V.I. 2010) (noting

---

[3] Joseph failed to include the verdict forms in the appendix, despite the mandate of Supreme Court Rule 24(a), which requires the appellant to "prepare and file an appendix to the briefs which shall contain all materials designated by the parties . . . [and any] other parts of the record referred to in the briefs . . . ." Instead, he attached them to an "after-briefing letter" on May 14, 2013. For the authority to submit such a letter, he cites Rule 22(i), but this rule merely states that "[w]hen pertinent and significant *authorities* come to the attention of a party after the brief has been filed," then the party must advise the court of the citation. Of course, copies of verdict forms are not "authorities" in any sense, and they certainly did not come to the attention of Joseph's counsel *after* briefing, as half of his brief complains of alleged deformities in the verdict forms. Appellants are reminded to include all relevant materials in the appendix itself, and not in a post-brief filing.

that to obtain a reversal where an objection is not preserved, an appellant has the burden of showing not only that there was an error that was plain, but also that it affected his substantial rights, and even then the court will not reverse unless the error "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings") (internal quotation marks and citation omitted). As we made clear in *Connor*, the mere fact that the trial court erred — even plainly erred — is not enough to reverse a conviction where the error is not shown to have prejudiced the defendant. *Connor*, 59 V.I. at 298 n.11 (explaining that the mere fact that a trial court violates a statute does not necessarily mandate a reversal, and that the appellant has the burden of showing how the failure to declare a value as required by 5 V.I.C. § 3636 prejudiced him). There is nothing in this record to suggest that Joseph was prejudiced by the court's error — indeed, the facts in this case demonstrate a lack of prejudice even more clearly than the facts in *Connor*.

In this case, Joseph did not contest the claimed value of the stolen gold chain. The victim testified that two years prior to the incident, she had purchased the 14-karat gold necklace portion of the chain and that it cost "eight and change," and that the bracelet that also formed part of the chain cost "four and change." (J.A. 51.) The court and the parties construed this testimony as indicating that the total value of the necklace was about $1,200. (J.A. 291-92.) In fact, during his Rule 29 Motion, Joseph conceded that a jury could find that he committed larceny. (J.A. 141-42 ("Regarding Count III, which is just a straight grand larceny, the taking of the property from another, Your Honor, we concede that the Court can find that the Government has met their burden, that there was a taking of property from another.").) Upon conclusion of the evidence, the court instructed the jury that to convict Joseph of grand larceny, they had to find that the value of the stolen property exceeded $100, and Joseph did not object. (J.A. 248.) Finally, during her closing argument, Joseph's counsel stated that, it would be a "waste of [her] time" to contest the grand larceny charge. (J.A. 214-15.)[4]

---

[4] Joseph's counsel remarked in full on this point that,

> I'm not even going to go into the elements of the third count because a larceny took place, and larceny is different because all you have to do is prove that somebody has taken something, and in this case, the value was over a hundred dollars. I don't know how much Gucci chains cost. [Ms.] Pearson told you what the chain cost. All you have

Under these circumstances, Joseph has failed to demonstrate any prejudice. He argues that the declaration of value on the verdict forms permits the trial court to determine which sentence to impose, but the verdict form in this case clearly demonstrates that the jury found Joseph "GUILTY of the crime charged, to wit: Count 3, grand larceny, in violation of V.I. CODE ANN. tit. 14, §§ 1081, 1083(1)." No verdict form or instruction was given on petit larceny. Consequently, it was clear that the jury found Joseph guilty of grand larceny — and not petit larceny — and Joseph's arguments do not persuade us that the declaration of value was necessary in this case to determine the conviction and sentence.

Because Joseph has not demonstrated that the error in this case affected his substantial rights, we will affirm.

## III. CONCLUSION

■ The Court has jurisdiction because the stay of the execution of a sentence for a secondary crime arising from the same act does not deprive the Court of jurisdiction, and the Legislature's intent in enacting section 3673 of title 5 of the Virgin Islands Code was to permit stays while cases are on appeal, not to prevent them. Furthermore, we affirm Joseph's grand larceny conviction because while the trial court erred in drafting the jury verdict forms, Joseph has not demonstrated how the jury's failure to declare a value of the stolen property prejudiced him.

SWAN, *Associate Justice*, concurring in part and dissenting in part.

I agree with the majority that this Court has jurisdiction over this appeal and that Joseph's conviction of third degree robbery should be affirmed. However, I continue to believe, for the same reasons I have elucidated in prior cases, that the Superior Court's failure to comply with section 3636 of title 5 constitutes reversible error on the charge of grand larceny. Because the grand larceny verdict omitted a mandatory, statutory

---

is something was taken from someone, and the intent to permanently deprive, and the value is over a hundred dollars for grand larceny.

My client has said, I didn't do this, but if you find that you do not believe him and if you believe that the Government has met its burden, I ask you that — I concede that grand larceny has been shown. I concede that because it's a waste of my time to tell you that there was not a larceny because there was. Something was stolen. Something was taken.

(J.A. 214-15.)

provision regarding the value of the property stolen, the verdict is incomplete or deficient. *See Gumbs v. People of the V.I.*, 59 V.I. 784, 797-799 (V.I. 2013) (Swan, J., concurring in part and dissenting in part); *Connor v. People of the V.I.*, 59 V.I. 286, 315-318 (V.I. 2013) (Swan, J., concurring in part and dissenting in part). Section 3636 states as follows:

> When an information charges an offense against property by larceny, embezzlement, or obtaining by false pretenses, the jury, on conviction, shall ascertain and declare in the verdict the value of the property stolen, embezzled, or falsely obtained.

I would reverse the grand larceny conviction and remand for a new trial on that count.