568 P.2d 1213

The STATE of Idaho,
Plaintiff-Respondent,

v.

Craig A. McKENNEY,
Defendant-Appellant.

The STATE of Idaho,
Plaintiff-Respondent,

v.

Robert Lee TISDEL, Defendant-Appellant.

Nos. 12531 and 12317.

Supreme Court of Idaho.

Sept. 22, 1977.

PER CURIAM.

Upon order of the Court these cases were consolidated for disposition of pending motions. The cases will hereinafter be severed for consideration of the merits of each case. Both cases are appeals from criminal convictions and sentences thereon. Appellate counsel in each case filed a motion for permission to withdraw on the basis that no meritorious grounds existed and that the appeal was frivolous. We deny the motions and set forth new guidelines governing duties of appellate counsel in the representation of indigent criminal defendants on appeal.

It is only coincidental that both Tisdel and McKenney in separate trials were convicted of lewd and lascivious conduct arising out of different circumstances, different occasions and different female minors. They were sentenced to terms of confinement not to exceed ten and five years respectively. Each appealed his conviction and was appointed appellate counsel who also coincidentally are members of the same law firm.

In each case the respective attorney examined the record and concluded that no meritorious grounds on appeal were presented. They so advised this Court and their respective clients. Both filed briefs in which were outlined any possible arguments which could be raised in favor of their clients' appeal and therein pointed out why such arguments would be frivolous. That procedure accords with previously enunciated standards and the principles set forth in *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). *See also*, Idaho Appellate Rules 45(b).

In McKenney, No. 12531, this Court has previously denied appellate counsel's motion to withdraw since arguable grounds for appeal existed therein. Thereafter McKenney personally filed a motion to remove and discharge that attorney. Grounds therefor are stated as the inability of that attorney

to render effective assistance of counsel on appeal in view of that attorney's stated belief that the appeal is without merit. McKenney also asks in his motion for appointment of new counsel on appeal.

In Tisdel, No. 12317, it is the decision of the Court that arguable grounds for appeal exist. Tisdel also seeks appointment of new counsel on appeal.

█ These two cases and motions and circumstances therein demonstrate the inability of this Court to follow the impractical and illogical procedure outlined in the *Anders* dictum. We therefore hold today that once counsel is appointed to represent an indigent client during appeal on a criminal case, no withdrawal will thereafter be permitted on the basis that the appeal is frivolous or lacks merit.

In *Anders* the following circumstances existed: Appellate counsel, after examination of the record, wrote letters to the state appellate court and his client stating that he had concluded the appeal to be frivolous and that he wished to withdraw. The intermediate and the highest state appellate courts affirmed his client's conviction on that basis. Upon habeas corpus the U.S. Supreme Court reversed, holding that procedure to be constitutionally inadequate on both due process and equal protection grounds. The court stated that counsel must act as an advocate for his client and not merely serve in the role as detached amicus curiae. Although the *Anders* decision overturned the withdrawal of counsel, the court there in dictum explained when withdrawal would be constitutionally permissible on the grounds of frivolity of the appeal:

"Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal." 87 S.Ct. at 1400.

█ We do not gainsay the adequacy of the above outlined procedure in protecting an indigent defendant in a criminal case on appeal. Nevertheless, we deem it clear that the mere submission of such a motion by appellate counsel cannot but result in prejudice. Further, we take judicial notice of the files and records of this court and find no instance since the issuance of the *Anders* decision wherein this Court has permitted the withdrawal of appellate counsel in a criminal case on the basis the appeal is frivolous and lacks merit. In any case where counsel has unsuccessfully sought to withdraw on the basis that the appeal is frivolous and without merit he can find himself in a completely intolerable situation if required to thereafter pursue an appeal. We further determine that if a criminal case on appeal is wholly frivolous, undoubtedly, less of counsel and the judiciary's time and energy will be expended in directly considering the merits of the case in its regular and due course as contrasted with a fragmented consideration of various motions, the consideration of which necessarily involves a determination of merits. On the other hand, if there is arguable merit in the appeal (a determination of which by appellate counsel is usually extremely difficult) counsel who has made a motion for withdrawal is also necessarily caught up in a conflict of interest between his duties to-

ward his client and his duty toward the court of candor and truthfulness.

 We find that *Anders* presents no obstacle to the procedure adopted herein since *Anders*, by way of dictum, presents what are *minimal* constitutional safeguards for a criminal defendant upon appeal. Our announced procedure of today extends the protections of *Anders*.

In both cases petitioners' motions to replace appellate counsel are granted and the district court shall appoint new counsel to pursue the appeals. Appropriate orders shall issue.