Hillsborough-southern judicial district
No. 92-550

## THE STATE OF NEW HAMPSHIRE

v.

## CARRIE CIGIC

March 18, 1994

*Jeffrey R. Howard*, attorney general (*Cynthia L. White*, assistant attorney general, on the brief and orally), for the State.

*James E. Duggan*, chief appellate defender, of Concord, and *Albert E. Scherr*, assistant appellate defender, of Concord (*Mr. Duggan* and *Mr. Scherr* on the brief, and *Mr. Duggan* orally), for the defendant.

THAYER, J. After a jury trial in the Superior Court (*Smukler*, J.), the defendant, Carrie Cigic, was convicted of driving while intoxicated, subsequent offense, and operating after suspension, subsequent offense. On appeal, the defendant asks us to clarify the procedure that appellate counsel and this court should follow in a criminal appeal when appellate counsel has reviewed the record and concluded that the appeal presents only "frivolous" issues. The parties have briefed and argued the merits and drawbacks of the *Anders* brief, *Anders v. California*, 386 U.S. 738 (1967), and the so-called "Idaho rule" spawned by *State v. McKenney*, 98 Idaho 551, 568 P.2d 1213 (1977). We hold that the efficiency and integrity of the appellate process are better ensured by the adoption of a modified Idaho rule.

*I. The Anders Procedure*

In *Anders*, the defendant challenged California's then-existing appellate procedure. Appellate counsel had reviewed the record and informed the appellate court by letter that the appeal had no merit. 386 U.S. at 739. The court then denied the defendant's request for the appointment of another attorney, but allowed him to file a *pro se* brief, to which the State responded, and a reply brief. *Id.* at 740. The court examined the record and unanimously affirmed the conviction. *Id.* The Supreme Court held that this procedure violated the defendant's right to full appellate review, *id.* at 742, because the defendant is entitled to counsel that "acts in the role of an active advocate in behalf of his client, as opposed to that of *amicus curiae*." *Id.* at 744.

In an effort to ensure zealous appellate advocacy, *Anders* rejected the no-merit letter, favoring a two-step procedure instead. First, appellate counsel must make a "conscientious examination" of the record and, if the appeal is "wholly frivolous," move to withdraw. *Id.* The motion should be "accompanied by a brief referring to anything in the record that might arguably support the appeal." *Id.* The defendant is then provided a copy of the so-called "*Anders* brief" and allowed an opportunity to submit a *pro se* brief. *Id.*

Second, the appellate court undertakes an independent examination of the record to determine whether the appeal is "wholly frivolous." *Id.* If it is, the court may grant counsel's motion to withdraw and dismiss the appeal. *Id.* On the other hand, if the court finds any of the legal points arguable on their merits, and therefore not frivolous, it must appoint new counsel to fully brief those issues. *Id.*; *see also Penson v. Ohio*, 488 U.S. 75, 83–85 (1988) (failure to appoint new appellate counsel after an independent review of the record had revealed non-frivolous issues violated *Anders*).

Both the State and the defendant acknowledge that an independent judicial review of the record, as guaranteed by *Anders*, benefits a defendant because it protects him or her from inadequate representation by appellate counsel. As the defendant argues, however, such a review may be prejudiced by the fact that appellate counsel has already determined, after a "conscientious examination" of the record, that the appeal is wholly frivolous. *See McKenney*, 98 Idaho at 552, 568 P.2d at 1214. In addition, the *Anders* approach puts counsel at odds with the client, forcing counsel into the awkward position of arguing against the client before the reviewing court, and leading the defendant to conclude that his or her interests have been compromised. *See State v. Gates*, 466 S.W.2d 681, 684 (Mo. 1971) (citing ABA Advisory Committee commentary). Finally, the *Anders* procedure places the appellate court in the inappropriate role of defense counsel, forcing the court to devise and recommend viable legal arguments for subsequent appellate counsel. In making such recommendations, the appellate court may appear to have lost its impartiality, displaying a potential bias in favor of any arguments it recommends.

Although most States follow the *Anders* procedure, *see* 75B AM. JUR. 2D *Trial* § 1950 (1992), the ABA Standards and several state courts have declined to conform with its guidelines. *See* ABA STANDARDS FOR CRIMINAL JUSTICE, The Defense Function, Standard 4–8.3, *reprinted in* 49 CRIM. L. REP. (BNA) No. 2, at 2020–21 (Apr. 10, 1991); *see also Commonwealth v. Moffett*, 383 Mass. 201, 205–07, 418 N.E.2d 585, 590–91 (1981); *Gates*, 466 S.W.2d at 683–84; *Sanchez v. State*, 85 Nev. 95, 97–98, 450 P.2d 793, 794–95 (1969).

This court, in the past, has utilized the *Anders* procedure to order counsel to file a brief on behalf of the defendant referring to matters in the record that might arguably support the defendant's appeal. *See State v. Fleury*, 111 N.H. 294, 295, 282 A.2d 873, 874 (1971). We have also conducted an independent review of the record in a case in which defense counsel sought leave to withdraw, having found the

appeal to be without merit. *See State v. Richard*, 109 N.H. 322, 322, 251 A.2d 326, 327 (1969). Nevertheless, it is our opinion that *Anders* presents the minimum level of protection to which a criminal defendant is constitutionally entitled on appeal. *See McKenney*, 98 Idaho at 553, 568 P.2d at 1215. We therefore do not view *Anders* as having created a constitutional mandate not subject to any modification. As noted above, the *Anders* procedure entails serious drawbacks that warrant our review of alternative proposals, such as the so-called "Idaho rule."

*II. The Idaho Rule*

The Idaho Supreme Court, in *McKenney*, noted that during the years it adhered to the procedure set forth in *Anders*, it never granted an attorney's motion to withdraw on the basis that the client's appeal was frivolous and without merit. *McKenney*, 98 Idaho at 552, 568 P.2d at 1214. The Idaho court held that "once counsel is appointed to represent an indigent client during appeal on a criminal case, no withdrawal will thereafter be permitted on the basis that the appeal is frivolous or lacks merit." *Id.*

In another case, a District of Columbia Court of Appeals judge argued strenuously that the court should not have granted appellate counsel's motion to withdraw in a typical *Anders* situation, identifying at least two nonfrivolous issues that could have been raised on appeal. *Gale v. United States*, 429 A.2d 177, 178–81 (D.C. App.) (Ferren, J., dissenting), *cert. denied*, 454 U.S. 893 (1981). Interpreting *McKenney*, Judge Ferren stated a preference for the "Idaho rule," which would require counsel to choose the appellant's strongest argument, however weak, and argue it to the court as forcefully as possible. *Id.* at 182. In doing so, according to Judge Ferren, appellate counsel would be compelled to investigate and brief an issue that "may be less frivolous than it initially appears." *Id.* The State would then respond to the argument, and the appellate court, rather than undertaking an independent review of the entire record, would decide the case on the merits of the issue or issues raised. Judge Ferren observed that the Idaho rule thus preserves the adversarial nature of criminal appeals, which "is much to be preferred over [the *Anders*] process in which the appellate judge feels obliged to act as a lawyer and the appellate lawyer feels constrained to rule as a judge." *Id.*

*III. Analysis*

The State insists that adoption of the Idaho rule in New Hampshire would lead appellate advocates to compromise their ethical

duty "not [to] bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis for doing so that is not frivolous." N.H. R. PROF. CONDUCT 3.1. We agree with the State that, on occasion, adherence to the Idaho rule may require appellate counsel to bring a frivolous appeal. *See generally State v. Blum*, 132 N.H. 396, 401, 566 A.2d 1131, 1134 (1989) (defining "frivolous"). Such instances, however, would be extremely rare, especially in light of the fact that it is not considered frivolous to make "a good faith argument for an extension, modification or reversal of existing law." N.H. R. PROF. CONDUCT 3.1. In addition, the ABA Model Code Comments to Rule 3.1 state that "[an] action is not frivolous even though the lawyer believes that the client's position ultimately will not prevail." An action cannot be considered frivolous, therefore, if the lawyer is able "either to make a good faith argument on the merits of the action taken or to support the action taken by a good faith argument for an extension, modification or reversal of existing law." *Id.*

An appeal need not be frivolous under the Idaho rule if, for example, appellate counsel argues in good faith to extend, modify, or reverse existing law. Provided that appellate counsel has a good faith basis for doing so, it would also not be frivolous, for example, to challenge the sufficiency of the evidence used to convict the defendant. *See Gale*, 429 A.2d at 178–81 (Ferren, J., dissenting).

We hold that the Idaho rule preserves the integrity of the attorney-client relationship better than a strict adherence to *Anders* does. In addition, the appellate process is better served by prohibiting the withdrawal of appellate counsel because the court will spend "less time and energy . . . directly reviewing the case on the merits" and, assuming a nonfrivolous argument exists, "refusing to permit withdrawal would also obviate any need to substitute counsel to argue the appeal." *Commonwealth v. Moffett*, 383 Mass. at 206–07, 418 N.E.2d at 591.

We therefore adopt the following procedure, drawn largely from the ABA Standards. *See* ABA STANDARDS FOR CRIMINAL JUSTICE, The Defense Function, *supra*, Standard 4–8.3; *see also* SUP. CT. R. 32. Counsel first must discuss with the defendant whether to appeal. If, in counsel's estimation, the appeal lacks merit or is frivolous, counsel should so inform the defendant and seek to persuade the defendant to abandon the appeal. If the defendant chooses, notwithstanding counsel's advice, to proceed with the appeal, counsel must prepare and file the notice of appeal, including all arguable issues. For cases in which a transcript is required, *see Bundy v. Wilson*, 815 F.2d 125, 135 (1st Cir. 1987); SUP. CT. R. 7, a transcript

shall be prepared and provided to the defendant. After appellate counsel is ordered to file a statement of reasons why the appeal should be accepted, *see Bundy*, 815 F.2d at 135, or a brief, counsel must thoroughly examine the record and again determine whether any nonfrivolous arguments exist. If counsel concludes that the appeal is frivolous, counsel should again advise the defendant to withdraw the appeal. If the defendant decides not to withdraw the appeal, counsel must file a statement of reasons or a brief that argues the defendant's case as well as possible. Counsel cannot concede that the appeal is frivolous. If an appeal is truly frivolous, counsel's accurate summary of the facts and law will make that obvious. Thereafter, the appeal will proceed in the normal course.

█ As we have noted, our adoption of this procedure may, on rare occasions, require appellate counsel to assert a frivolous issue before this court. Accordingly, we create an exception to New Hampshire Rule of Professional Conduct 3.1 for such conduct. We caution, however, that under the procedure we adopt today, appellate counsel is still otherwise absolutely obliged not to deceive or mislead the court. *See* ABA STANDARDS FOR CRIMINAL JUSTICE, The Defense Function, *supra*, Standard 4-8.3 (c). Such deception would include a misstatement of the facts of the case, or a misapplication of the law to those facts. *Cf. McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 438 n.10 (1988) (unifying the terms "wholly frivolous" and "without merit" under the rubric "lacks any basis in law or fact"). In addition, counsel must not deliberately omit facts or authority that directly contradict the argument. *See id.* at 440–41 & n.14.

Although our holding today forecloses counsel's ability to withdraw on the basis of an appeal's perceived frivolousness, it is our view that the procedure we adopt here, while different than that adopted by *Anders*, does not diminish a defendant's right to zealous appellate advocacy. *See Anders*, 386 U.S. at 744.

In the instant case, if the defendant chooses not to proceed with her appeal, counsel shall withdraw the appeal forthwith, and shall include the signature of the defendant on the motion to withdraw the appeal. On the other hand, if the defendant chooses to proceed with her appeal, counsel shall within thirty days file a brief in a manner consistent with this opinion. If the defendant files a brief, the State shall file its responsive brief thirty days thereafter. If the defendant neither withdraws the appeal nor files a brief within thirty days, the appeal will be deemed waived.

*So ordered.*

All concurred.