OPINION
 

 Per Curiam:
 

 In Ramos v. State, Docket No. 30305, and Ward v. State, Docket No. 30554, defense counsel filed fast track statements that explained that after a careful review of the record, counsel concluded that no genuine issues of fact or law could be raised on appeal. However, counsel did not present a statement of facts, legal issues or arguments.
 

 In Trujillo v. State, Docket No. 30573, counsel filed a fast track statement that discussed the procedural history of the case and then stated that no issues are presented or legal arguments made. Counsel did not make an averment that after a conscientious review of the record, he concludes that no genuine appellate issues exist.
 

 We conclude that counsel in each appeal failed to comply with the requirements of Anders v. California, 386 U.S. 738 (1967),
 
 *1083
 
 and Sanchez v. State, 85 Nev. 95, 450 P.2d 793 (1969), and their progeny.
 

 Currently, attorneys attempt to comply with
 
 Sanchez
 
 in a myriad of ways. Some attempt to comply by providing a detailed procedural and factual history of a case, raising the most arguable issues, arguing those issues, and then filing a separate affidavit of no merit. Others merely state that no issues exist, provide no legal argument, and do not file a no merit affidavit.
 

 These inconsistent attempts to comply with
 
 Sanchez
 
 force us to reconsider that holding. The regime announced in
 
 Anders
 
 was premised upon counsel’s ethical obligation to withdraw from an appeal if counsel believes that appeal is frivolous. In
 
 Sanchez,
 
 we dispatched with the obligation of counsel to file a motion to withdraw in a case counsel believes lacks merit. Today we dispatch with the obligation of counsel to file a no merit affidavit.
 

 The
 
 Anders
 
 approach is schizophrenic in nature. An attorney raises issues and arguments and then is forced to concede that those arguments are without merit. We refuse to accept the notion that an attorney can file a no merit affidavit without actually advocating against the merit of his client’s appeal, and we recognize that the
 
 Anders
 
 procedure often entails the expenditure of more court resources than would be expended upon a meritorious appeal.
 

 The Idaho Supreme Court concluded that it was unable to follow the impractical and illogical procedure outlined as dictum in
 
 Anders.
 
 State v. McKenney, 568 P.2d 1213, 1214 (Idaho 1977). The
 
 McKenney
 
 court concluded that the filing of a no merit appeal “cannot but result in prejudice” to the defendant.
 
 Id.
 
 That court then stated that “if a criminal case on appeal is wholly frivolous, undoubtedly, less of counsel and the judiciary’s time and energy will be expended in directly considering the merits of the case in its regular and due course as contrasted with a fragmented” system outlined by
 
 Anders. Id.
 
 The
 
 McKenney
 
 court then concluded that defense counsel in that state need not file no merit affidavits.
 

 Dissenting to an order granting a motion to withdraw as counsel and dismissing an appeal deemed frivolous, a District of Columbia judge interpreted the Idaho rule and acknowledged its superiority over the
 
 Anders
 
 process. Gale v. United States, 429 A.2d 177, 178-83 (D.C. 1981) (Ferren, J., dissenting),
 
 cert. denied,
 
 454 U.S. 893 (1981). Judge Ferren opined that the Idaho rule would require an attorney to choose the best of the worst of appellant’s arguments on appeal. State v. Cigic, 639 A.2d 251, 253 (N.H. 1994) (discussing Judge Ferren’s dissenting opinion). Then, after the state files a response, the appellate court can decide the case on the merits of the issue or issues raised rather
 
 *1084
 
 than undertaking an independent review of the entire record on appeal.
 
 Id.
 

 Judge Ferren’s concern with the
 
 Anders
 
 process was that when an attorney files a no merit affidavit, courts “feel obliged to spend a substantial amount of time studying the record for a clue ‘that might arguably support the appeal,’ ” or “duplicate undocumented time spent by counsel or do what counsel should have done but did not.”
 
 Gale,
 
 429 A.2d at 181 (Ferren, J. dissenting) (quoting
 
 Anders,
 
 386 U.S. at 744). “In short, the
 
 Anders
 
 dictum typically forces either the court to undertake the role of the lawyer, or the lawyer to undertake the role of the court.”
 
 Id.
 
 at 182.
 

 New Hampshire embraced the Idaho approach to “preserve [] the integrity of the attorney-client relationship better than strict adherence to
 
 Anders.” Cigic,
 
 639 A.2d at 253. The
 
 Cigic
 
 court concluded that if, in counsel’s estimation, an appeal is without merit, counsel must discuss his or her conclusion with the client and advise the client against pursuing the appeal.
 
 Id.
 
 at 254. If a defendant insists on continuing with the appeal, counsel should file a brief that includes all arguable issues and argues defendant’s appeal as well as possible.
 
 Id. “Counsel cannot concede that the appeal is frivolous,”
 
 but if an appeal is truly frivolous, “counsel’s accurate summary of the facts and law will make that obvious.”
 
 Id.
 
 (emphasis added).
 

 We elect to follow Idaho and New Hampshire and opt out of the
 
 Anders
 
 quagmire. With respect to cases filed after this opinion,
 
 Sanchez
 
 is overruled. The soundness of our decision was stated succinctly by Judge Ferren in
 
 Gale.
 

 Some will argue that this court should retain the
 
 Anders
 
 approach simply because it is constitutional and saves time of everyone concerned. I believe this view overestimates the savings and underestimates the principle at stake, (footnote omitted). The adversary system has served the administration of justice long and well. It is the best system we know for producing results that are reliable, credible, and fair. . . .
 
 Anders
 
 [appeals], by contrast, are agonizing for the lawyer, awkward for the judge, and perceived as collusive by the appellant. The
 
 Anders
 
 compromise with our traditional adversary process has failed to justify itself. It permits a lesser standard of performance for appointed, in contrast with retained, counsel. This court should renounce it.
 

 Gale,
 
 429 A.2d at 183 (Ferren, J. dissenting).
 

 Attorneys must argue for their clients without conceding an appeal is without merit. An action is not frivolous even though
 
 *1085
 
 the lawyer believes that the client’s position will ultimately not prevail. Indeed, appeals are few which do not have at least one issue that is not wholly frivolous. Such instances are sparse because counsel can present any good faith argument on the merits, a good faith challenge to the sufficiency of the evidence, or argue in good faith for an extension, modification or reversal of existing law.
 
 Cigic,
 
 639 A.2d at 253.
 

 As the
 
 Cigic
 
 court recognized, this procedure may, on rare occasions, force counsel to assert frivolous issues before the court. In those rare cases, we create an exception to the rules of professional conduct to allow the pursuit of a frivolous appeal. This mirrors the old
 
 Sanchez
 
 regime in which we allowed an attorney to present a frivolous appeal without filing a motion to withdraw as counsel. However, the defense bar is cautioned that it is still obligated to not deceive or mislead the court by, for example, misstating the facts, misapplying the law to the facts, or deliberately omitting facts or authority that are contrary to counsel’s position.
 

 CONCLUSION
 

 Based on the reasoning in this appeal, appellants’ fast track statements are stricken. Appellants’ counsel shall, within thirty (30) days of this opinion, file fast track statements that comply with this opinion’s dictates.