An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

CRAIG BRIAN JOHNSON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63057

**FILED**

OCT 1 6 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK



## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of battery causing substantial bodily harm. Second Judicial District Court, Washoe County; Janet J. Berry, Judge.

Appellant Craig Brian Johnson contends that his Sixth Amendment right to confrontation was violated when the victim failed to appear at his sentencing hearing. *See* U.S. Const. amend. VI. Counsel for Johnson points out that she cross-examined the victim at the preliminary hearing and acknowledges that his appellate request for relief "is not appropriate." The Confrontation Clause does not apply to sentencing hearings, therefore, we conclude that Johnson's contention lacks merit. *See Summers v. State*, 122 Nev. 1326, 1332-33, 148 P.3d 778, 782-83 (2006). Additionally, we remind counsel that "[a]ttorneys must argue for their clients without conceding an appeal is without merit." *Ramos v. State*, 113 Nev. 1081, 1084, 944 P.2d 856, 858 (1997). "[C]ounsel should file a brief that includes all arguable issues and argues defendant's appeal as well as possible." *Id.* at 1084, 944 P.2d at 857. If an appellant insists on arguing a meritless point, "counsel's accurate summary of the facts and

law will make that obvious." *State v. Cigic*, 639 A.2d 251, 254 (N.H. 1994).
Having concluded that Johnson is not entitled to relief, we

ORDER the judgment of conviction AFFIRMED.[1]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:    Hon. Janet J. Berry, District Judge
       Suzanne M. Lugaski
       Attorney General/Carson City
       Washoe County District Attorney
       Washoe District Court Clerk

---

[1]The fast track statement does not comply with NRAP 3C(h)(1) and NRAP 32(a)(4) because the text is not double-spaced. Counsel for Johnson is cautioned that the failure to comply with the briefing requirements in the future may result in the imposition of sanctions. *See* NRAP 3C(n).