[Cite as *State v. Cruz-Ramos*, 2018-Ohio-1583.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

LUIS R. CRUZ-RAMOS,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 17 MA 0077

---

**Motion to Withdraw (*Anders/Toney*)**

**BEFORE:**
Gene Donofrio, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Motion to withdraw sustained and new counsel to be appointed.

---

*Assistant Prosecutor Ralph M. Rivera*, 21 West Boardman Street, Youngstown, Ohio 44503-1426, for Plaintiff-Appellee and

*Atty. Andrew R. Zellers*, 3810 Starrs Centre Drive, Canfield, Ohio 44406, for Defendant-Appellant.

**RELEASED AND JOURNALIZED:**
April 23, 2018

**PER CURIAM.**

{¶1}    Appellant has appealed his conviction and sentence in the Mahoning County Court of Common Pleas arising from a guilty plea to felonious assault, failure to comply with an order or signal of a police officer, resisting arrest, and having weapons while under a disability.   All the charges were felonies, and firearm specifications attached to many of the charges.  Appellant was sentenced to an aggregate sentence of twenty and one-half years in prison.  We appointed counsel to represent Appellant on appeal.  Counsel filed a no merit brief and a motion to withdraw as counsel pursuant to *State v. Toney*, 23 Ohio App.2d 203, 262 N.Ed.2d 419 (1970) and *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).   We filed a judgment entry granting Appellant thirty days to file any additional assignments of error and that time has expired.  Counsel's motion to withdraw is now ready for review.

{¶2}    Under *Anders*, if counsel reviews the record and determines that the case is frivolous, counsel should then file a "brief referring to anything in the record that might arguably support the appeal." *Anders* at 744.  Counsel should supply the indigent criminal defendant with a copy of the brief, and the defendant should be given an opportunity to raise additional issues before the motion to withdraw is heard.  The court then reviews the motion, the *Anders* brief, the entire record, and any points raised by the defendant, to determine if any arguably meritorious issues exist.  If the court, in its independent review, determines that a possible issue exists, it must discharge current counsel and appoint new counsel to prosecute the appeal. If the appeal is wholly frivolous, the court will sustain the motion to withdraw and dismiss the appeal, or issue a decision in accordance with state law. *Id.*

{¶3}    This case provides us with an opportunity to reexamine the ethical and constitutional obligations appointed appellate counsel has to an indigent criminal defendant when counsel believes there are no meritorious grounds for an appeal, and the scope of our duty to independently examine the record for any issues containing arguable merit.

{¶4}    First, we agree with the Fourth District Court of Appeals that the *Anders* procedure is an alternative, not a constitutional mandate.  *State v. Wilson*, 4th Dist. No. 16CA12, 2017-Ohio-5772, 83 N.E.3d 942, ¶ 9.

**{¶5}** According to the United State Supreme Court:

[T]he *Anders* procedure is not "an independent constitutional command," but rather is just "a prophylactic framework" that we established to vindicate the constitutional right to appellate counsel announced in *Douglas* [*v. California*, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963)]. We did not say that our *Anders* procedure was the only prophylactic framework that could adequately vindicate this right; instead, by making clear that the Constitution itself does not compel the *Anders* procedure, we suggested otherwise. Similarly, in *Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), we described *Anders* as simply erecting "safeguards." (Citations omitted.)

*Smith v. Robbins*, 528 U.S. 259, 273, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

**{¶6}** Because the *Anders* procedure is not a constitutional mandate, we are able to craft alternate procedures that fulfill the purpose of *Anders*. *Id.* at 276.

**{¶7}** Many courts have identified problems with the *Anders* procedure. *Id.* at 281. For example, when counsel files a motion to withdraw because counsel believes the appeal is frivolous, it may prejudice the client. "An *Anders* withdrawal prejudices an appellant and compromises his appeal by flagging the case as without merit, which invites perfunctory review by the court." *Mosley v. State*, 908 N.E.2d 599, 608 (Ind. 2009); *see also State v. Cigic,* 138 N.H. 313, 315, 639 A.2d 251, 252 (1994); *Commonwealth v. Moffett*, 383 Mass. 201, 206, 418 N.E.2d 585, 590 (1981); *State v. McKenney*, 98 Idaho 551, 552, 568 P.2d 1213, 1214 (1977).

**{¶8}** The *Anders* procedure also creates tension between counsel's duty to the client and to the court. *Robbins*, 528 U.S. at 281–282. "As one former public defender has explained, 'an attorney confronted with the *Anders* situation has to do something that the Code of Professional Responsibility describes as unethical; the only choice is as to which canon he or she prefers to violate.' " (Citations omitted.) *Id.* at 282, fn. 11. The basic contradiction is that counsel desires to withdraw because the appeal is frivolous, while at the same time presenting arguments that it is not. *See Moffett*, 383 Mass. at 205–206.

{¶9} The *Anders* procedure has also been criticized for creating a role reversal between counsel and the court, thus removing the adversarial nature of the judicial system in criminal cases. Counsel determines the appeal is frivolous, yet the court scours the entire record looking for meritorious issues on the client's behalf. *Huguley v. State*, 253 Ga. 709, 324 S.E.2d 729 (1985) (*Anders* procedure "tends to force the court to assume the role of counsel for the appellant").

{¶10} Furthermore, the *Anders* approach has been criticized for imposing unnecessarily heavy burdens on the judiciary, because the appellate court is forced to provide a complete review of the entire record, including trial transcripts, in a case that has already been identified as frivolous by appellant counsel. *See Murrell v. People of the Virgin Islands*, 53 V.I. 534, 543, 2010 WL 1779930 (2010).

{¶11} In what is now referred to as "the Idaho rule," the Supreme Court of Idaho rejected the *Anders* procedure, in part, on judicial economy grounds and held that "once counsel is appointed to represent an indigent client during appeal on a criminal case, no withdrawal will thereafter be permitted on the basis that the appeal is frivolous or lacks merit." *State v. McKenney*, 98 Idaho 551, 552, 568 P.2d 1213 (1977).

{¶12} Courts have also criticized *Anders* for the confusing and burdensome scope of review involved in requiring the appellate court to conduct "a full examination of all the proceedings, to decide whether the case is wholly frivolous." *Anders*, 386 U.S. at 744. Courts have read this requirement as requiring appellate courts to comb the entire record for possible errors. *Wilson*, 4th Dist. No. 16CA12, at ¶ 16. Often, the result of this procedure is that a case with no nonfrivolous issues receives a much more extensive review than a case in which specific assignments of error are raised by counsel. This review by the appellate court places the court in a position of advocate on behalf of the indigent defendant, which is not the role of the courts.

{¶13} We are aware that some courts, such as the Eighth District Court of Appeals, have found that *Anders* does not require the appellate court to comb the entire record for error, but rather, only requires an independent appellate review of the points raised in the *Anders* no merit brief and any additional points raised by the pro se defendant. *State v. Taylor*, 8th Dist. No. 101368, 2015-Ohio-420. To us, this interpretation of *Anders* does not assist our review and may even hinder it. Any

suggestion of error regarding the manifest weight of the evidence, which is one of the most common arguments made on appeal when a trial or fact-finding hearing is involved, will inevitably require us to examine the entire factual record. Any claim that a guilty or no contest plea is somehow problematic will inevitably require a complete and thorough review of the plea process from beginning to end, which entails a review of the entire record. On the other hand, if neither counsel nor the pro se defendant points to anything specific that might be a potential error, then it would seem the Eighth District approach would require no review at all. We do not believe that was the intent of *Anders*. Therefore, we conclude that the Eighth District approach is not a viable solution for this court.

{¶14} We agree with the Fourth District that our past *Anders* procedure essentially required the court of appeals to act as the defendant's counsel by identifying issues that should have been argued by appointed counsel. The defendant, in effect, has not one appellate counsel but several—his original appointed counsel who filed the *Anders* brief; a three-judge panel of this court; and new substitute counsel. If substitute counsel also finds no meritorious issues, then the process occurs again with another review of the entire record and the possible appointment of another attorney. This gives the indigent defendant more than he could expect had counsel (whether retained or appointed) decided to simply argue the appeal on its merits. The *Anders* procedure attempts to protect the Sixth Amendment right to have reasonably effective professional representation on appeal, rather than a right "to have a committee of counsel including judges of the court of appeals." *Wilson* at ¶16.

{¶15} Typically, trial counsel has filed the appeal rather than appointed appellate counsel. Therefore, it is imperative that appellate counsel discuss the case with the defendant and decide whether to continue the appeal based on counsel's examination of the case. If counsel believes the appeal is frivolous, counsel should inform the defendant and explain why the appeal should be abandoned. If the defendant decides that there are specific issues that he or she wishes to raise on appeal, counsel must file a merit brief and argue the defendant's appeal as persuasively as possible regardless of any personal belief that the appeal is frivolous. This does not mean counsel must argue every issue the defendant believes meritorious. Counsel, as has always been the case,

may exercise strategic judgment in the presentation of the issues in the brief. See *Jones v. Barnes*, 463 U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). We believe that requiring counsel to file a merit brief is "simpler, more effective, fairer, and less taxing on counsel and the courts." *Id.* at ¶ 18.

**{¶16}** Therefore, we hold that in any criminal appeal as a matter of right, it is no longer an acceptable practice in this court for counsel to file an *Anders* no merit brief, or as we have designated it in this court, a *Toney* brief. This also means that counsel may not file a motion to withdraw on the grounds that the appeal is frivolous. If the defendant does not wish to dismiss the appeal after consulting with counsel, then counsel must file a merit brief.

**{¶17}** We hereby overrule paragraphs two, three, four, five, six, and seven of *State v. Toney*, 23 Ohio App.2d 203, 262 N.Ed.2d 419 (1970).

**{¶18}** In this appeal, appointed counsel could not have anticipated our reevaluation of *Anders* and *Toney*. Therefore, we sustain counsel's motion to withdraw and we will appoint new counsel to assist Appellant in this appeal. Counsel to be appointed by separate judgment entry.

**{¶19}** It is so ordered.

**{¶20}** Copy to counsel and to the prosecutor. Appeal continues.


**(concurs)**
**JUDGE GENE DONOFRIO**


**(concurs)**
**JUDGE CHERYL L. WAITE**


**(concurs)**
**JUDGE CAROL ANN ROBB**