[Cite as *State v. Holbert*, 2023-Ohio-3272.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | |
|---|---|
| STATE OF OHIO | C.A. No. 29704 |
| Appellee | |
| v. | Trial Court Case No. 2022 CR 01799/1 |
| ALBERT DAVID HOLBERT | **DECISION & ENTRY** |
| Appellant | |

_____

PER CURIAM:

**{¶ 1}** Albert David Holbert has appealed his judgment of conviction after pleading no contest to one count of felonious assault in the Montgomery County Court of Common Pleas. Holbert's appointed counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). For the reasons stated below, we conclude that this Court will no longer accept motions to withdraw or briefs filed pursuant to *Anders*. We will sustain counsel's motion to withdraw, strike the *Anders* brief, and appoint new counsel to prepare a merit brief in accordance with the standards of representation set forth in this decision.

**Facts and Procedural History**

**{¶ 2}** On July 11, 2022, a Montgomery County grand jury indicted Holbert and two co-defendants with one count of felonious assault in violation of R.C. 2903.11(A)(1) and one count of felonious assault in violation of R.C. 2903.11(A)(2), both felonies of the second degree.

**{¶ 3}** The trial court appointed counsel to represent Holbert, who moved to suppress incriminating statements allegedly obtained in violation of his rights under the United States and Ohio Constitutions. After an October 12, 2022 evidentiary hearing, the trial court overruled Holbert's motion to suppress "for the reasons stated on the record on December 15, 2022."

**{¶ 4}** On December 22, 2022, Holbert pleaded no contest to felonious assault in violation of R.C. 2903.11(A)(1). The trial court dismissed the second count of felonious assault and ordered the preparation of a presentence investigation report.

**{¶ 5}** On January 19, 2023, the trial court imposed a prison sentence for an indefinite term of a minimum of 3 years to a maximum of 4.5 years. Holbert received jail time credit of 204 days. The trial court waived court costs but ordered Holbert to make complete restitution to the victim in the amount of $1,280.

**{¶ 6}** Holbert filed a timely notice of appeal on January 24, 2023. The trial court appointed appellate counsel, at Holbert's request, on February 3, 2023.

**{¶ 7}** On May 24, 2023, Holbert's counsel filed a brief pursuant to *Anders*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493. Counsel asserts that he has reviewed "the original court file, as well as the transcript of proceedings," and he "can find no genuine issue prejudicial to the rights of the appellant which may be argued to this court on

appeal." Counsel has suggested three potential assignments of error, all of which he claims have no arguable merit: (1) "the appellant received ineffective assistance of counsel"; (2) "the trial court erred in sentencing the appellant to the prison term of three to four and a half years"; and (3) the trial court erred by failing to comply with Crim.R. 11 when accepting appellant's plea. Counsel requests that this court independently review the record to determine whether any possible error exits.[1]

**{¶ 8}** We gave Holbert an additional 60 days in which to file a pro se brief, but he did not.

**Standard of Review**

**{¶ 9}** When appointed counsel asserts that he or she can present no nonfrivolous argument on behalf of an appellant, this court must conduct an independent review of the record to determine if the appeal at issue is wholly frivolous. *Anders* at 744. "*Anders* equates a frivolous appeal with one that presents issues lacking in arguable merit." *State v. Marbury,* 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 8. "An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." *Id.,* citing *State v. Pullen,* 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4.

**{¶ 10}** If we determine that the appeal is frivolous, we may grant counsel's request to withdraw and then dismiss the appeal without violating any constitutional requirements, or we can proceed to a decision on the merits if state law requires it. *State v. McDaniel,* 2d Dist. Champaign No. 2010-CA-13, 2011-Ohio-2186, ¶ 5, citing *Anders* at 744.

---

[1] Counsel did not expressly request to withdraw as Holbert's counsel. We construe his brief as an implicit request for that relief under *Anders.*

However, "[i]f we find that any issue presented or which an independent analysis reveals is not wholly frivolous, we must appoint different appellate counsel to represent the defendant." *Marbury* at ¶ 7, citing *Pullen.*

**Analysis**

**{¶ 11}** It is axiomatic that the record in an *Anders* case must contain transcripts of all on-the-record proceedings in the trial court. *See Anders* at 744 (requiring a "full examination of all the proceedings"); *State v. Mayberry,* 2d Dist. Montgomery No. 27530, 2018-Ohio-2220, ¶ 4. When the record is incomplete, the filing of an *Anders* brief is not appropriate. *E,g., State v. Greene*, 2d Dist. Montgomery No. 29274, 2023-Ohio-389, ¶ 4; *State v. Heinzen*, 2d Dist. Clark No. 2019-CA-65, 2022-Ohio-1341, ¶ 4; *Mayberry* at ¶ 4.

**{¶ 12}** Upon our initial review of the record, it is apparent that the record is not complete. The record reflects that defense counsel filed a motion to suppress on Holbert's behalf. The record on appeal, however, does not include the transcripts of the October 12, 2022, suppression hearing or December 15, 2022, hearing in which the trial court ruled on the motion. In the absence of the transcripts, we cannot review what occurred in those proceedings.

**{¶ 13}** Moreover, we have found at least one non-frivolous issue relating to Holbert's sentencing. A non-frivolous issue exists as to whether the trial court properly provided the notifications required by R.C. 2929.19(B)(2)(c). We previously held that an indefinite prison sentence under the Reagan Tokes Act is contrary to law when the trial court fails to notify the offender at the sentencing hearing of the information set forth in R.C. 2929.19(B)(2)(c). *E.g., State v. Massie*, 2d Dist. Clark No. 2020-CA-50, 2021-Ohio-3376, ¶ 23. In this case, the trial court briefly explained indefinite sentencing under the

Reagan Tokes Act at the plea hearing but did not provide the notifications required by R.C. 2929.19(B)(2)(c) at sentencing.

{¶ 14} Given the incomplete record and having found at least one non-frivolous issue for appeal, the proper remedy under *Anders* would be to set aside counsel's brief and to appoint new appellate counsel to act as Holbert's advocate on appeal. *Marbury* at ¶ 13. Ordinarily, we would order newly appointed counsel to supplement the record with transcripts of any on-the-record proceedings that have not yet been transcribed, review the entire record, and raise any issues that he or she finds have arguable merit. We would then emphasize that counsel's review of the record and briefing should not be limited to the issue identified in this decision. Nevertheless, we are compelled to reassess the efficacy of this procedure considering the increasing number of *Anders* briefs presenting issues that might arguably support an appeal and which, upon review, appear to be arguable on the merits.

### Reassessment of the *Anders* Procedure

{¶ 15} "Not infrequently, an attorney appointed to represent an indigent defendant on appeal concludes that an appeal would be frivolous and requests that the appellate court allow him to withdraw or that the court dispose of the case without the filing of merits briefs." *Smith v. Robbins*, 528 U.S. 259, 264, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000). In *Anders*, the Supreme Court of the United States held that, to protect indigent defendants' constitutional right to appellate counsel, courts must safeguard against the risk of granting such requests where the appeal is not actually frivolous. *Id.* at 264. The Supreme Court thus announced a procedure for appointed counsel seeking to withdraw based on an appeal's lack of arguable merit, which we have already outlined.

{¶ 16} The *Anders* procedure is not exclusive, however. "States are free to adopt different procedures, so long as those procedures adequately safeguard a defendant's right to appellate counsel." *Id.* at 265. In other words, "[t]he *Anders* procedure is a constitutional floor and not a constitutional ceiling." *State v. Upkins*, 154 Ohio St.3d 30, 2018-Ohio-1812, 110 N.E.3d 1249, ¶ 9 (Fischer, J., dissenting). Therefore, "states may impose greater duties on a defendant's attorney but may not allow counsel to fall short of this level of duty." *Id.*

{¶ 17} Appellate courts in Ohio have utilized the *Anders* procedure for decades to resolve the potential conflict between appointed counsel's professional responsibility to avoid prosecuting frivolous appeals and an indigent criminal defendant's constitutional right to appellate counsel. *See, e.g., State v. Toney*, 23 Ohio App.2d 203, 262 N.Ed.2d 419 (7th Dist.1970). This court is no exception. However, *Anders* has long proved controversial, leading some states to reject the procedure in favor of more stringent protections for the indigent. *E.g.*, *State v. McKenney*, 98 Idaho 551, 568 P.2d 1213 (1977); *Commonwealth v. Moffett*, 383 Mass. 201, 418 N.E.2d 585 (1981); *State v. Cigic*, 138 N.H. 313, 639 A.2d 251 (1994); *Mosley v. State*, 908 N.E.2d 599 (Ind. 2009). In recent years, three of our sister districts, drawing on the caselaw of these states, have also rejected the *Anders* procedure.

A. Rejection of *Anders* in Ohio

{¶ 18} The Fourth District Court of Appeals was the first to act. *See State v. Wilson*, 2017-Ohio-5772, 83 N.E.3d 942 (4th Dist.), In an exhaustively researched opinion, the Fourth District identified five major concerns with the *Anders* procedure:

1. "When counsel files a motion to withdraw because counsel believes the appeal is frivolous, it may prejudice the client" because the court of appeals may be more willing to view the appeal as frivolous, inviting "perfunctory review". *Id.* at ¶ 10.

2. *Anders* creates a "tension between counsel's duties to the client and the court." The tension exists because "counsel files a motion to withdraw arguing the appeal is frivolous and an *Anders* brief essentially arguing that it may not be." *Id.* at ¶ 11.

3. *Anders* creates a role reversal between counsel and the court and removes the adversarial nature of the judicial system. *Id.* at ¶ 13. "Counsel determines the appeal is frivolous and the court scours the entire record looking for arguably meritorious issues on the client's behalf." *Id.*

4. *Anders* imposes "unnecessarily heavy burdens on the judiciary." *Id.* at ¶ 14.

5. There is a "lack of nationwide uniform guidelines among the courts that follow [the] *Anders* procedure." *Id.* at ¶ 20. "Ohio has no uniform statewide rules or procedures governing *Anders* briefs." *Id.* Moreover, "Ohio appellate courts lack uniformity in the degree of scrutiny used in reviewing the record." *Id.* at ¶ 21.

**{¶ 19}** After considering these criticisms and finding them valid, the Fourth District rejected the *Anders* procedure. *Id.* at ¶ 23. The court then adopted "the Idaho rule." "After counsel is appointed to represent an indigent client during appeal on a criminal matter,

we will not permit counsel to withdraw solely on the basis that the appeal is frivolous. Instead, counsel will file a brief on the merits." *Id.*, citing *McKenney*, 98 Idaho at 552, 568 P.2d at 1214. The court concluded that the Idaho rule "clearly satisfie[d] the constitutional requirement of substantial equality and fair process referred to in *Anders*" but also "preserve[d] the integrity of the attorney-client relationship and better serve[d] the appellate court." *Id.* at ¶ 24.

{¶ 20} Nearly one year after *Wilson*, the Seventh District Court of Appeals also rejected the *Anders* procedure. In *State v. Cruz-Ramos*, 2018-Ohio-1583, 125 N.E.3d 193 (7th Dist.), that court:

> [a]gree[d] with the Fourth District that our past *Anders* procedure essentially required the court of appeals to act as the defendant's counsel by identifying issues that should have been argued by appointed counsel. The defendant, in effect, has not one appellate counsel but several—his original appointed counsel who filed the *Anders* brief; a three-judge panel of this court; and new substitute counsel. If substitute counsel also finds no meritorious issues, then the process occurs again with another review of the entire record and the possible appointment of another attorney. This gives the indigent defendant more than he could expect had counsel (whether retained or appointed) decided to simply argue the appeal on its merits.

*Id.* at ¶ 14.

{¶ 21} Thus, the Seventh District adopted the Idaho rule and held that "in any criminal appeal as a matter of right, it is no longer an acceptable practice in this court for counsel to file an *Anders* no merit brief." *Id.* at ¶ 16. Counsel is no longer allowed to file a

motion to withdraw on the grounds that an appeal is frivolous. *Id.*

{¶ 22} The Sixth District Court of Appeals is the most recent intermediate appellate court to reject the *Anders* procedure in this state. In *State v. Wenner*, 2018-Ohio-2590, 114 N.E.3d 800 (6th Dist.), the Sixth District echoed the concerns of the Fourth and Seventh Districts. The Sixth District was especially "concerned with the inherent prejudice to the client when appellate counsel identifies no nonfrivolous issue on appeal in an effort to comply with Prof. Cond.R. 3.1, despite counsel's ultimate duty to advocate for her client." The Sixth District refuted the notion that the Rules of Professional Conduct's prohibition against prosecuting frivolous appeals should create any ethical concerns "when advocating as a defense attorney and asserting the client's position under the rules of the adversary system." *Id.* at ¶ 25. Therefore, the court adopted the Idaho rule because "an attorney should rarely *if ever* concede that no nonfrivolous argument can be presented on direct appeal." (Emphasis added). *Id.* at ¶ 29.

B. Our Experience

{¶ 23} We share the concerns and criticisms of the *Anders* procedure articulated in *Wilson, Cruz-Ramos*, and *Wenner*. In fact, we were aware of them when we rejected extension of the *Anders* procedure to termination of parental rights cases. *See In re N.C.*, 2d Dist. Montgomery Nos. 28105, 28117, 2019-Ohio-567, ¶ 85, citing *Wilson*. Like the Seventh District Court of Appeals, we are particularly concerned about the way in which *Anders* places appellate courts in an advocacy role. Not only is this role inconsistent with the adversarial process, but it is also inconsistent with the fundamental principle of equal justice under the law. The *Anders* procedure simply permits some indigent criminal defendants to get more justice, i.e., an additional layer of review, than those whose

counsel do not file *Anders* briefs.

{¶ 24} We are also concerned about the way in which *Anders* may allow some appointed counsel to abdicate their role as an advocate, thereby denying indigent clients the right to appointed counsel. In this respect, we agree with the Sixth District: in the context of a criminal appeal, a competent attorney should be able to find non-frivolous, i.e., arguable, errors of a trial court in nearly every case – especially after reviewing the entirety of the record below. *See Wenner* at ¶ 29.

{¶ 25} The law is not static and to err is human. Thus, in our *Anders* jurisprudence, we have emphasized that advocates need not present winning arguments to this court, merely arguments that are made in good faith with some basis in fact or law. We have made this point repeatedly in the hopes of eliminating the tension between counsel's duties to his or her client and this court. *See, e.g., Marbury,* 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, at ¶ 8. Unfortunately, we fear that our exposition, explanation, and clarification of the *Anders* procedure has not resulted in a meaningful decrease in briefs alleging no arguable merit. Therefore, we join our sister districts in rejecting the *Anders* procedure in favor of an approach which will maximize the right to appointed counsel for all indigent criminal defendants.

### Alternative Procedure and Expectations of Counsel

{¶ 26} Consistent with the Idaho rule, we will no longer permit counsel to withdraw on the basis that an appeal is frivolous or accept briefs filed pursuant to *Anders.* Further, we reiterate that appointed counsel must fulfill certain responsibilities to their clients.

{¶ 27} Appointed counsel must conduct a thorough review of the entire trial court record. To do this, counsel shall make all necessary arrangements to cause the

preparation and filing of the entire trial court record, including the transcription of all trial court proceedings. After conducting a thorough review of the trial court record, counsel should confer with the defendant and decide whether to proceed with the appeal based on counsel's legal assessment of the case. If counsel believes the appeal is frivolous, counsel should inform the defendant and try to persuade the defendant to abandon the appeal.

{¶ 28} If the defendant chooses to proceed with the appeal, counsel must file a merit brief and assert, as persuasively as possible, what counsel deems to be appellant's "best" argument(s). This does not mean counsel must argue every issue the defendant believes to be meritorious. Counsel should exercise strategic judgment in the presentation of the issues in the brief.

{¶ 29} We will give counsel's merit brief the same level of review afforded to all other appellate briefs. We will review the assignments of error identified by counsel but will not conduct an exhaustive independent review of the record for issues not specifically raised in the brief. As with all criminal appeals, we will exercise discretion in noticing plain errors or defects affecting substantial rights in accordance with Crim.R. 52(B) and order supplemental briefing.

{¶ 30} Following final judgment, the defendant will be afforded the same safeguards other appellants receive and may apply for reopening of the appeal as provided in App.R. 26(B).

### Conclusion

{¶ 31} The *Anders* procedure was designed to balance the ethical duties of counsel and an indigent criminal defendant's right to appointed counsel. The Supreme

Court of the United States has given state courts flexibility in striking that balance. Today, we adopt an alternative approach that maximizes an indigent criminal defendant's right to appellate counsel. We have determined that the best way to protect an indigent criminal defendant's right to appointed counsel is simply to require counsel to fulfill their duties as counsel. The floor of protection *Anders* provides has not, in the judgment and experience of this court, adequately protected an indigent criminal defendant's right to appellate counsel. Moreover, it is inconsistent with the adversarial system of justice and the bedrock constitutional principle of equal justice under the law. Therefore, we have joined the Fourth, Sixth, and Seventh District Courts of Appeals in rejecting the *Anders* procedure.

{¶ 32} Appointed counsel's motion to withdraw is SUSTAINED. This court will appoint new counsel by separate order. We observe that although the trial court conducted an evidentiary hearing on Holbert's motion to suppress and stated its reasoning for overruling the motion on the record, transcripts of these proceedings are not part of the appellate record. Accordingly, new counsel shall make the necessary arrangements to cause the preparation and filing of the entire trial court record, including transcription of all trial court proceedings, within 30 days of the journalization of the order appointing new counsel.

{¶ 33} The *Anders* brief is ORDERED to be STRICKEN from the record. New counsel's merit brief, filed in accordance with the alternative procedure set forth in this decision, shall be due within 20 days of the Clerk of the Court of Appeals' issuance of an amended App.R. 11(B) notice.

SO ORDERED.

JEFFREY M. WELBAUM, PRESIDING JUDGE

MICHAEL L. TUCKER, JUDGE

RONALD C. LEWIS, JUDGE